Anthony A. Bickel et al., Appellees, v. Warren
Dutcher et al., Appellees, Impleaded with
Theodore Galligher et al., Appellants.

[Filed November 23, 1892.]

1. **Bill of Exceptions:** Motion to Supply Exhibits. This
court will not, on the motion of an appellant, require the ap-
pellee to supply exhibits claimed by the former to have been
introduced in evidence in the district court, when such exhibits
have never been attached to or made a part of the bill of excep-
tions.

2. ———: ———. The appellant, on presenting his bill of excep-
tions for settlement and allowance, objected to certain exhibits
attached thereto by the official stenographer on the ground that
they were not true copies of the original, whereupon they were
stricken out by order of the trial judge and the bill of exceptions
allowed without them. *Held,* That this court will not entertain
a motion by appellant to require appellee to supply such exhibits.

3. **Appeal:** Limitations as to Time. The time within which an
appeal may be taken from a decree of the district court does not
begin to run until such decree has been entered of record, so
that it is within the power of the appellant to comply with the
statute regulating appeals, by filing in this court a certified
transcript of the proceedings of the district court.

4. The case of *Horn v. Miller*, 20 Neb., 98, overruled.

Motion by appellants to require appellees to supply
certain exhibits used in the court below, which were not
made a part of the bill of exceptions, and motion by ap-
pellees to dismiss appeal from the decree of the district
court for Douglas county. *Motions overruled.*

*David Van Etten,* for appellants.

*Howard B. Smith,* and *G. W. Covell,* for appellees.

Post, J.

This is an appeal by the defendants Galligher and wife
from a decree of the district court of Douglas county fore-

closing certain mortgages and mechanics' liens, and for the
sale of the property in controversy in satisfaction thereof.
The questions submitted for consideration at this time are
presented by the motion of appellants to require appellees
to supply certain exhibits which they allege were intro-
duced in evidence before the district court and which are not
included in the bill of exceptions filed in this court, and the
motion of appellees to dismiss the appeal for the reason
that it was not taken within the time allowed therefor by
law.    It is alleged in appellants' motion that Exhibits C
and D, the plans and specifications for the building which
is the subject of the controversy, were introduced in evi-
dence, "which exhibits have disappeared from said records
and have never been attached to said bill of exceptions as
such, notwithstanding appellants' written objections at-
tached thereto, and appellants move the court that appellees
be required severally to produce said exhibits to be attached
to the bill of exceptions," etc.    Numerous affidavits have
been filed by the respective parties in support of and against
the motion, from which it appears that when the bill of
exceptions was prepared by the official stenographer at the
request of appellants the two exhibits in question could
not be found.    The stenographer thereupon procured from
one of the appellees the original plans and specifications, of
which the exhibits in question were duplicates, and attached
them to the bill of exceptions.    Objection being made by
Mr. Van Etten, attorney for appellants, to such copies,
they were excluded by the trial judge, Hon. E. Wakeley,
and the bill of exceptions allowed and signed without such
exhibits having been attached thereto.    The motion of ap-
pellants is without merit.    The exhibits were a part of the
evidence in the district court, and if the copies furnished
by the court reporter were incorrect, appellants should
have had them corrected in that court or before the trial
judge.    They appear to overlook the fact that it was their
own bill of exceptions and that it was their duty to present

for allowance a true bill.    If the missing papers had been
introduced in. evidence by appellees and remained in their
possession, or under their control, we have no doubt the
district court would have required them to be supplied
upon motion of appellants.    It is alleged by appellants
that Exhibits C and D were introduced in evidence by them
and left in the custody of the stenographer, but the part of
the record to which we have been referred contains no ref-
erence to them except that they were identified by the wit-
ness Finley and marked by the stenographer.    Nor are we
able, after a careful examination of the voluminous record,
to discover that they were ever offered in evidence.    But
in no event is it the province of this court to correct the
bill of exceptions, and the motion of appellants should be
denied.

2. The question presented by appellees' motion to dismiss
the appeal is attended with more embarrassment, in view
of the conclusion of the majority of the court in *Horn v.
Miller*, 20 Neb., 98.    Before making further reference to
that case let us examine the facts disclosed by the record in
this.    The decree begins with the following recital: "After-
wards, at the May term of said court and on the 30th day
of July, 1891, a decree was rendered herein as follows."
At the end of the decree, and immediately above the clerk's
certificate thereto, appears the following: "Dated July 27,
1891."    The only other record evidence on the subject is
an entry in the appearance docket indicating that the decree
was entered on the 1st day of August, 1891.    The clerk
of the district court testifies that the decree was filed in his
office July 30. ` From the affidavits of appellees it appears
that on the 14th day of July, Judge Wakeley from the
bench publicly announced his findings of fact and con-
clusions of law, or, in the language of the affidavits, "his
findings and judgment," and that Mr. Smith, of counsel
for appellees, was directed to draft a decree in accordance
with the opinion so announced; that a decree was prepared

and submitted to the attorney for appellants, by whom it was returned to Mr. Smith on the 22d day of July with written objections to the form thereof. Subsequently it was approved by the judge over the objections of appellants and filed with the clerk July 30. It does not appear that any notes were made by the district judge at the time of the announcement of his conclusion, or any entry in the trial docket or other record or entry of the decree, until it was approved by the judge presumably on the 27th. The question therefore is, When did the time allowed for appeal begin to run against appellants? If from the time of the delivery of the opinion of the judge on the 14th, the time had expired before the appeal was taken; but, if it is to be reckoned from the date of the approval, to the decree on the 27th, or from the date it was filed with the clerk on the 30th, it is clear that the appeal was taken in time and the motion to dismiss should be denied.

This case might be distinguished from *Horn v. Miller* on the facts, since here there is no record evidence whatever that the decree was entered on the 14th; hence the effect of the affidavits of appellees is to impeach or contradict their own judgment. We have, however, re-examined the question and the conclusion reached is in accordance with the views expressed in that case in the dissenting opinion of the present chief justice. We can agree with the learned author of the majority opinion, that for some, perhaps most, purposes the date of a judgment is the time when the decision was made and announced by the court, rather than the time when it was entered upon the records. But in most, we believe all, of the cases cited in the opinions and text-books in support of that proposition the judgment was subsequently entered in conformity with the decision, and that in none of them was the testimony of witnesses received by the appellate court to prove that the judgment or decree was wrong in fact and was entered at a time other than that shown by the record. According to the practice in the chancery

courts, the enrollment or entry of a decreé was necessary before a bill of review would lie (Story's Eq. Pleading [9th ed.], sec. 403; Daniel's Ch., 1576, 1581), and following that practice the rule has prevailed both in courts of common law and of equity in this country where the distinction has been maintained, that there must be an entry of the judgment or decree before an appeal will lie. By this it is not meant that it must in all cases be actually spread upon the records of the court, for, as said in *Horn v. Miller*, in some states no such formal entry is required. But that the judgment must be made a matter of record in order to limit the time for appeal is a proposition well sustained by authority. (*Humphrey v. Havens*, 9 Minn., 318; *Hostetter v. Alexander*, 22 Id., 559; *Exley v. Berryhill*, 36 Id., 117; *Hazeltine v. Simpson*, 61 Wis., 427; *Milwaukee v. Pabst*, 64 Id., 244; *Rubber Co. v. Goodyear*, 6 Wall. [U. S.], 153 )

It is said by Judge Elliott in his recent valuable work on Appellate Procedure, sec. 118: "The general rule is that there must be an entry of judgment before an appeal can be taken, and it must follow that until the judgment is entered the time within which an appeal must be taken does not begin to run. As an appeal taken before an entry of judgment is premature, it may be dismissed on motion. There is some conflict in the adjudged cases, but the decided weight of authority supports the rule we have stated. It seems clear upon principle that the rule stated must be the correct one, for until there is an entry of judgment there is no authentic record evidence of a final disposition of the case, and that there is a final judgment must, as a general rule, appear from the record." And again, sec. 119, the same author says: "The right to appeal, as a general rule, dates from the time that a complete judgment is rendered and recorded."

The rule which, in our opinion, has the sanction of authority, and which is commended by considerations of

justice and equity, is that the time for appeal begins to run
against the appellant from the time it is within his power
to comply with the provisions of the statute regulating
appeals by filing in the court a transcript of the proceed-
ings of the district court, and not before. The motions to
require appellees to supply the exhibits mentioned therein,
and to dismiss the appeal are overruled.

MOTIONS OVERRULED.

THE other judges concur.