Ward v. Urmson.

M. F. WARD v. JOHN J. URMSON.

FILED MAY 15, 1894.   No. 4758.

1. **Review**: FAILURE TO ENTER DECREE.   This court will not review on appeal or error a decree rendered by the district court, prior to the formal entry of such decree upon the journal of the trial court.

2. ———: MEMORANDUM OF DECREE.   A memorandum for a decree made by a judge of the district court upon his calendar will not authorize a review of the case in this court before such decree is extended in due form and apt language upon the court journal.

ERROR from the district court of Frontier county. Tried below before COCHRAN, J.

*James A. Williams* and *R. M. Snavely*, for plaintiff in error.

*Sands & Cheney* and *Robert Ryan*, contra.

NORVAL, C. J.

This action was brought in the court below by Burton and Harvey to foreclose a mortgage upon the northeast quarter of section 8, township 8, range 27 west, executed by John J. Urmson and wife. The mortgagors, M. F. Ward and others, were made defendants to the suit. Ward filed a cross-petition setting up the recovery of a judgment by Tyra Nelson in the county court of Frontier county against the said John J. Urmson, for the sum of $167.50 and costs, the filing of the transcript thereof in the district court of said county, the assignment of the judgment to Ward, and praying that the same be declared a lien upon said premises, subject to said mortgage. To this cross-petition John J. Urmson answered, denying that said judgment was a lien upon the premises, alleging that he acquired title to said land under and in pursuance of the homestead laws of the United States, and " that the debt for which said judgment was rendered, and out of which said judgment grew, was incurred before patent for said land was issued to the defendant by the government of the United States, in whom the title in and to said premises was before the entry of said premises as aforesaid by this defendant." No reply was filed to this answer. The district court entered a decree foreclosing the mortgage, without deciding whether said judgment was a lien upon the premises. Ward prosecutes a petition in error, alleging that the lower court erred in finding and decreeing that said judgment was not a lien upon the premises.

From the stipulation of the parties contained in the bill of exceptions it appears that the land in question was entered under the homestead laws of the United States by John J. Urmson; that he duly made final proof on September 14, 1885, and received the usual receiver receipt; that on July 11, 1887, the debt for which said judgment was rendered was contracted by said Urmson subsequent

to the making of the final proof, but prior to the date of the patent for said lands issued to Urmson by the United States.

The only point urged by counsel for plaintiff in error is whether the lands acquired from the United States under the act of congress entitled "An act to secure homesteads to actual settlers on the public domain," approved May 20, 1862, are liable to sale on execution to satisfy an ordinary judgment obtained for a debt contracted by the patentee before the issue of the patent, but after the date of the final receiver's receipt. We are precluded from now entering upon a discussion of the question, for the reason we have no competent evidence before us to show that the same was adjudicated in the court below. In the transcript prepared for this court is a copy of that portion of the journal kept by the clerk of the district court containing the decree of the foreclosure of the mortgage; but this decree does not in any manner determine whether the judgment is a lien upon the premises. Attached to and made a part of the bill of exceptions filed herein is a copy of the entry made in the case by the district judge on the trial docket, which reads as follows:

"Nov. 25, '90. Trial to court on petition, pleadings, and the evidence. The court finds that the judgment of Tyra Nelson in sum of $167 and $7.55 costs, obtained against John J. Urmson and assigned to M. F. Ward, was obtained upon a debt by entryman John J. Urmson, who entered land mortgaged under provisions of United States homestead laws, and is exempt from lien of said judgment. Said judgment declared no lien upon premises. The court finds that the debt upon which judgment of M. F. Ward was rendered was contracted after date of final receiver's receipt, and prior to issuance of patent on said land. Costs taxed to defendant M. F. Ward, herein taxed at $——. Motion of defendant for new trial. Motion overruled and excepted to by defendant M. F. Ward. Forty days allowed to prepare bill of exceptions."

This in no proper sense can be regarded as the judgment or decree rendered by the court in the case, but it is merely a memorandum of the decision made by the trial judge upon his docket for the guidance of the clerk in entering the decree upon the court journal. (*Gage v. Bloomington Town Co.*, 37 Neb., 699; Elliot, Appellate Procedure, secs. 118, 119; *Traer Bros. v. Whitman*, 56 Ia., 443; *Knapp v. Roche*, 82 N. Y., 366; *Hall v. Hudson*, 20 Ala., 284; *Gilpatrick v. Glidden*, 82 Me., 201.) In the case last cited it is said "a mere order for a decree before it is extended in due form and in apt and technical language is not a final decree, or a complete record of the judgment of the court." POST, J., speaking for this court, in his opinion in *Gage v. Bloomington Town Co., supra*, says: "Although it is customary for the judge to enter in the trial docket, or calendar, notes or minutes of the orders made, such entries are not made pursuant to the requirements of any statute, and are not, strictly speaking, parts of the record of the court." Mr. Black, at section 106 of volume 1 of his work on Judgments, in discussing the distinction between rendition and entry of judgment, says: "There are certain purposes, however, for which a judgment is required to be duly entered before it can become available or be attended by its usual incidents. Thus, as above remarked, this is a prerequisite to the right to appeal; and so a judgment must commonly be docketed before it can create a lien upon land, and in some of the states (though not all) the priority among different liens is determined by their respective dates of docketing. And again, the record entry of a judgment is indispensable to furnish the evidence of it, when it is made the basis of a claim or defense in another court. But with these exceptions, a judgment is independent of the fact of its entry; and in all cases, the distinction between rendition and entry is substantial and important." To the same effect is *Los Angeles County Bank v. Raynor*, 61 Cal., 145. This court has held that "the time within which an

Ward v. Urmson.

appeal may be taken from a decree of the district court does not begin to run until such decree has been entered of record, so that it is within the power of the appellant to comply with the statute regulating appeals by filing in this court a certified transcript of the proceedings of the district court." (*Bickel v. Dutcher*, 35 Neb., 761.)    It is only from a final order, judgment, or decree that an appeal or proceedings in error will lie, and until the decree or judgment pronounced by the court has been spread upon the journal it cannot be reviewed here, since section 586 of the Code declares that "the plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified."    And the statute provides in what book the clerk shall enter all judgments.    Section 443 reads as follows: "All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action."    A transcript of the proceedings of the trial court must contain a copy of the judgment or order entered on the court journal which is sought to be reviewed.    So far as this record discloses there has never been any legal entry of a decree in the case respecting the lien of the judgment, hence the proceedings were prematurely brought to this court.    The petition in error is therefore

DISMISSED.

RYAN, C., having been of counsel, took no part in the decision.