C. B. BICKEL ET AL., APPELLEES, v. WARREN DUTCHER ET AL., APPELLEES, IMPLEADED WITH ELIZABETH GALLIGHER ET AL., APPELLANTS.

FILED NOVEMBER 8, 1894. No. 5188.

Review: SUFFICIENCY OF EVIDENCE: MECHANICS' LIENS: MORTGAGES. In this case there was presented on appeal no question save that of the sufficiency of the evidence to sustain

the findings of the district court. The proofs upon examination having been found fully to justify the conclusions questioned, the judgment of the district court is affirmed.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*David Van Etten,* for appellants.

*Howard B. Smith, George W. Covell, Rich, O'Neill & Sears, George F. Brown, J. L. Kaley, L. B. Copeland,* and *Bartlett, Crane & Baldrige,* for appellees.

RYAN, C.

The appellees C. B. Bickel & Sons commenced this action in the district court of Douglas county for the foreclosure of a subcontractor's lien on a building erected by the principal contractor, Warren Dutcher, for the appellants Elizabeth and Theodore Galligher. The appellees the Lewis Investment Company and Jane E. Winchester were mortgagees; the other appellees, aside from Warren Dutcher, were subcontractors. The district court established as first liens between the above described parties the mortgage of the Lewis Investment Company and that of Jane E. Winchester. No serious contention is made as to this, and there should be none whatever, for each of these mortgages was filed for record before any right of ,contractor or subcontractor had its inception.

In the preliminary stages of the controversy in this court there was necessitated the settlement of the question whether or not this court on motion would require the appellees to supply as part of appellant's bill of exceptions the plans and specifications in accordance with which the aforesaid building should have been erected. This motion was overruled. (*Bickel v. Dutcher,* 35 Neb., 761.) There seems to have been referred to all through the trial these plans and specifications by witnesses for the purpose of il-

lustrating oral testimony given, though, as a matter of fact, it is nowhere discoverable when these plans and specifications were formally introduced in evidence.   The absence of these plans and specifications is especially important to the appellants' claim for damages on account of the alleged departure therefrom and the therefore improper manner in which the contractor and subcontractors constructed the building, as against which they claim a lien.   Notwithstanding this difficulty, a careful examination of the entire record as presented has been made, and all the testimony adduced has been read, with the result that on all points the findings of the district court have been found sustained by the proofs.   As there is presented no question but that of the sufficiency of the evidence for this purpose the judgment of the district court is

AFFIRMED.

IRVINE, C., not sitting.