JAMES S. MORRISON, APPELLANT, V. JOSHUA E. GOSNELL
ET AL., APPELLEES.

FILED MAY 3, 1906. No. 14,226.

.1. Appeal. "The time within which an appeal may be taken from a
decree of the district court does not begin to run until such
decree has been entered of record, so that it is within the power
of the appellant to comply with the statute regulating appeals
by filing in this court a certified transcript of the proceedings of
the district court." *Bickel v. Dutcher*, 35 Neb. 761.

2. Statute of Frauds: QUIETING TITLE. Part performance on the part
of a vendor, including the surrender of possession, and full per-
formance on the part of the vendee, is sufficient to remove a
parol agreement for the sale of real estate from the operation of
the statute of frauds, and the vendee in possession may maintain
an action to quiet title.

APPEAL from the district court for Harlan county: ED
L. ADAMS, JUDGE. *Reversed.*

*Flansburg & Williams,* for appellant.

*J. G. Thompson* and *T. L. Porter, contra.*

EPPERSON, C.

This action was instituted in the district court for
Harlan county by the plaintiff, a real estate broker. The
facts alleged in the petition are substantially as follows:
The plaintiff was employed by the defendants, Drew and
Woodward, to sell their land, consisting of 420 acres. In
the event of a sale through the plaintiff's agency, the said
defendants, by parol, agreed to convey to plaintiff a ten-
acre tract of land as his commission. The plaintiff pro-
cured a purchaser for the land, and said defendants and
the purchaser entered into a written contract for the sale
and purchase thereof. At the time such contract was
made the said defendants fully recognized, and it was
understood and agreed at that time, that the plaintiff had

earned his commission for making said sale and was then entitled to a deed to said ten-acre tract; that the plaintiff would then take possession of said land as owner, and that as soon as the purchaser paid the balance of the purchase money on his contract the said Drew and Woodward would convey the said ten-acre tract to the plaintiff in full satisfaction of his commission. At the suggestion of Drew and Woodward, plaintiff took possession of the said ten-acre tract and has ever since retained possession thereof. Said defendants afterwards refused to convey the remainder of the land to the purchaser procured by plaintiff, but conveyed all their land, including the ten-acre tract, to the defendant, Gosnell, who knew of the possession and rights of plaintiff. Plaintiff prayed for a judgment clearing the title to the ten-acre tract of land of the cloud occasioned by the deed from Drew and Woodward to Gosnell, and a mortgage given by Gosnell to the said Drew and Woodward. He further asked for a decree quieting title in plaintiff. To this petition the defendants filed a general demurrer which was sustained by the trial court, and a judgment of dismissal was entered. From this judgment the plaintiff appeals to this court.

1. Counsel for defendants in his oral argument objected to the jurisdiction of this court for the reason that this case was not filed until after the expiration of six months from the announcement of the judgment by the trial court. A supplemental certificate filed by the clerk of the district court for Harlan county, appearing in the records, discloses that the judgment was announced by the court below October 10, 1904, but that the journal entry of such judgment was filed in the office of the clerk October 18, 1904. The case was filed with the clerk of this court April 12, 1905, and within six months from the entry of the judgment of record in the court below. Under the rule announced in *Bickel v. Dutcher,* 35 Neb. 761, the six months prescribed by statute within which an appeal may be filed in this court begins at the time the judgment was entered of record in the lower court. This case was cited

with approval in *Ward v. Urmson,* 40 Neb. 695, and *Norfolk State Bank v. Murphy,* 40 Neb. 735. We have therefore, by the filing of the transcript herein, obtained jurisdiction of this cause.

2. It will be observed that the action is not for the recovery of a commission for selling real estate; nor is it an action for the specific performance of a contract for sale; but it is to quiet the title to a tract of land which the plaintiff claims as owner. under a contract with his grantors. The petition clearly alleged that the plaintiff was the owner of the land in controversy and in possession under a contract of purchase fully executed on his part and partially executed on the part of the defendants, Drew and Woodward, who parted with possession. In the case of *Hanlon v. Wilson,* 10 Neb. 138, a very similar state of facts existed as to the nature of a contract of sale. It was there held by this court that part performance by the vendor, including the delivery of possession, and full performance by the vendee, is sufficient to take a parol contract for the conveyance of real estate out of the statute of frauds. The petition herein stated a cause of action, and the demurrer should have been overruled and plaintiff permitted to prove his alleged case.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons appearing in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.