JOHN O. ANDERSON, APPELLEE, v. IRA P. GRISWOLD, APPELLANT.

FILED OCTOBER 7, 1910. No. 16,604.

Appeal: DILIGENCE: DISMISSAL. Where an appellant fails to exercise due diligence in the prosecution of an appeal to this court, without reasonable excuse, his appeal will be dismissed on motion.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. Appeal dismissed.

George C. Gillan and John H. Linderman, for appellant.

H. D. Rhea and E. A. Cook, contra.

LETTON, J.

This is a motion to dismiss the appeal. The grounds of the motion are: That the appeal was not taken within six months; that the pleadings upon which the case was

tried in the district court are not made a part of the transcript; that no precipe has been filed in this court as required by rule 13 of this court; that no notice of appeal has been issued and served, and that no briefs have been served and filed in the case. Section 592 of the code provides: "No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within six calendar months after the rendition of the judgment or making of the final order complained of." Section 675 of the code, in addition to the requirement that a transcript shall be filed in the supreme court within six months from the rendition of the judgment or the overruling of a motion for a new trial in the case, contains the further provision that "the filing of such transcript shall confer jurisdiction in such a case upon the supreme court." In *Bickel v. Dutcher,* 35 Neb. 761, it is held: 'The time within which an appeal may be taken from a decree of the district court does not begin to run until such decree has been entered of record, so that it is within the power of the appellant to comply with the statute regulating appeals, by filing in this court a certified transcript of the proceedings of the district court." This rule is followed in *Ward v. Urmson,* 40 Neb. 695; *Norfolk State Bank v. Murphy,* 40 Neb. 735; *Morrison v. Gosnell,* 76 Neb. 539.

The transcript before us discloses that the final judgment was not recorded in the journal of the district court until the 29th day of September, 1909. The transcript being filed in this court on March 29, 1910, was, under the rule which excludes the first day and counts the last, filed on the last day upon which an appeal might be perfected. The court thereby acquired jurisdiction of the appeal.

The next question presented is whether the appeal should be dismissed for want of prosecution. Section 675*b* of the code provides: "It shall be sufficient notice of such appeal to file in the office of the clerk of the district court in which such judgment, decree or final order was ren-

dered, within 90 days after the rendition thereof, a notice of intention to prosecute such appeal, signed by the appellant or appellants or his or their attorney of record, but if such notice is not given, the supreme court may provide by rule for notice after the appeal is lodged in that court." No notice of such intention was filed in the district court. Section 675c of the code provides: "The supreme court shall by general rule provide for the filing of briefs in all causes appealed to said court." Pursuant to these sections of the statute, this court adopted rules governing the time of filing briefs, and the giving of notice of appeal. These rules until changed by this tribunal have the force of law. Rule 9, so far as applicable, is as follows: "At the time of docketing each *civil* case the clerk of this court shall estimate the probable date on which the same will be reached for hearing, and thereupon fix and enter on the appearance docket the time, to be known as 'Rule Day,' within which the plaintiff, appellant or relator shall serve his brief of points, which shall be separately stated and numbered, together with his citations in support thereof, on the opposite party or his attorney of record, which rule day shall be not less than 90 days before the date of hearing so estimated by the clerk." Rule 13 provides: "The party or parties appealing shall file with the transcript a precipe, which shall state the court from which the appeal is taken, the date of the judgment appealed from, the names of all parties and their relations to the case as they appeared in the court below. The precipe shall also specify the party or parties appealing, and designate all others made parties to the appeal as appellees." Rule 14 provides: "Upon the filing of said transcript and precipe, where no notice of appeal has been filed in the district court within 90 days after the rendition of the judgment or decree, the clerk shall issue a notice of appeal, which shall designate as appellants the names of the parties joining in the appeal, and as appellees the names of all other parties. It shall also designate the court from which the appeal is taken, the date of judgment

appealed from, and separately state the names of the parties plaintiff and the parties defendant, respectively, in the district court. The notice shall be returnable within 30 days after it is issued, and shall be served upon the appellees named therein or their attorney or attorneys of record in the district court. The service shall be made by the sheriff of the county in which the parties or attorneys may be found, and as provided by law for the service of summons in civil actions in the district court. The issuing and service of the notice may be waived by writing, signed by the parties to be served, but neither such waiver nor the filing of notice of appeal in the district court will dispense with the filing of the precipe."

The rule day fixed for the filing of briefs in this case was July 29, 1910. No precipe was filed with the transcript as required by rule 13, nor up to the time of the filing of this motion, and no briefs have been served and filed by the appellant. The failure to serve notice of appeal does not affect the jurisdiction of the court. *Shold v. Van Treek*, 82 Neb. 99. This court, however, has the same power and duty with respect to regulating practice and proceedings before it that are possessed by courts generally. This includes the power to dismiss a case for want of prosecution if no good and sufficient cause is shown for the delay; otherwise, a malicious or spiteful litigant or a careless attorney might delay the trial of an appeal in such a manner as to harass and wear out his opponent. The necessary delay caused by appeal is vexatious enough at best, and to allow the prolongation of a controversy at the will and by the procrastination of a litigant would be a gross injustice. This power extends to the length of dismissing an appeal for want of compliance with the rules of court governing the giving of notice of appeal and the filing of briefs.

In *Nebraska Hardware Co. v. Humphrey Hardware Co.*, 81 Neb. 693, it appeared that the cross-appellant did not file any cross-assignment of errors or any brief until more than 13 months after the judgment was entered in the dis-

trict court, and more than 8 months after the transcript was filed in this court. Rule 35 of this court provided: "Such brief must be filed within 30 days after service of notice of appeal upon them, or within the same time after having waived such service, or within the time limited by statute for appealing." The court said: "The typewritten or printed brief, which shall contain only the errors complained of, was not filed within 30 days after the service of notice of appeal upon Mrs. Humphrey and the Wheelers, nor within the time limited by statute for appealing. The failure of Mrs. Humphrey and the Wheelers to comply with the provisions of the statute and the rules of the court deprives them of the right to now perfect their cross-appeal, and the motion to reinstate the cross-appeal should be overruled." See, also, *Cathers v. Glissman,* 80 Neb. 384.

We are not unaware of the fact that notice of an appeal is not always necessary to constitute due process, and that a statute may provide that litigants must take notice, but in this state both the statute and rules provide for such notice, and it is a wise provision. An affidavit has been filed that the appellee's attorney had actual notice of the filing of the transcript in this court. This we deem insufficient as an excuse for lack of diligence. We are the more inclined to apply a strict rule in the circumstances of this case. At the trial a jury was waived, and the cause tried to the court, which rendered judgment on the facts. No bill of exceptions has been filed in the case. The appellant delayed the filing of the transcript until the last day of the six months allowed therefor. Nearly six months thereafter have elapsed, and he has still taken no steps to further his appeal. To judge by appearances his appeal was only taken for delay. We cannot countenance such laches.

The motion, therefore, is sustained, and the appeal

DISMISSED.