IN RE ESTATE OF SARAH A. GETCHELL.

FRANK CARRIER, APPELLEE, V. MELVIN GETCHELL, APPELLANT.

FILED OCTOBER 16, 1915. No. 18960.

1. **Appeal: TIME.** The time for taking an appeal from the district court to the supreme court begins to run when the final judgment is entered of record.

2. ———: **VERITY OF TRANSCRIPT.** On appeal the duly authenticated transcript of the proceedings of the trial court imports verity.

3. ———: ———: **DATE OF JUDGMENT.** On appeal to the supreme court the date of the judgment of the district court, as shown by

the journal entry appearing in the duly certified transcript, cannot be contradicted by a detached certificate of the clerk.

APPEAL from the district court for Cuming county: GUY T. GRAVES, JUDGE. *Motion to dismiss appeal. Hearing continued.*

J. F. Boyd, for appellant.

A. R. Oleson, contra.

ROSE, J.

This is a motion by plaintiff to dismiss an appeal by defendant on the ground that the transcript of the proceedings in the district court for Cuming county was not filed here within the statutory period of six months from the rendition of the judgment below. Rev. St. 1913, sec. 8203. The time for taking an appeal begins to run when the judgment is entered of record. *Bickel v. Dutcher,* 35 Neb. 761; *Hall v. Moore,* 3 Neb. (Unof.) 574; *Morrison v. Gosnell,* 76 Neb. 539. The duly authenticated transcript in the present case shows that the final judgment was entered of record June 3, 1914. The appeal was docketed here December 4, 1914—one day too late. To prevent a dismissal defendant presents a separate certificate of the clerk of the district court containing the following recitals:

"While the transcript of proceedings had in the district court of Cuming county, Nebraska, in the above entitled cause, shows that the journal entry of the judgment rendered on the 3d day of June, 1914, in said cause was filed in the office of the clerk of the district court in said county of Cuming, state of Nebraska, on said 3d day of June, 1914, yet, said journal entry was not in fact filed in the office of said clerk of the district court, or entered upon the journal of said court, until a few days after said 3d day of June, 1914."

The authentic record of the trial court cannot be thus contradicted. The duly certified transcript imports verity. *Hoagland v. Van Etten,* 23 Neb. 462. It cannot be varied

by the detached certificate of the clerk. *Hunter v. Hunter,* 88 Neb. 153.

In the case of *Morrison v. Gosnell,* 76 Neb. 539, the supplemental certificate of the clerk was considered, but the opinion does not disclose that the transcript showed the date on which the judgment was entered on the journal. In this respect the cases are distinguishable.

Further hearing on motion to dismiss the appeal is continued, with leave to appellant to make application to the district court to correct the journal entry, if incorrect.

HEARING CONTINUED.