WESTERN BRICK & SUPPLY COMPANY, APPELLEE, v. MID-
WEST CONSTRUCTION COMPANY, APPELLEE;
AMERICAN SURETY COMPANY,
APPELLANT.

FILED MAY 5, 1917. No. 19459.

1. Contracts: CONSIDERATION. An agreement entered into without con-
sideration is unenforceable.

2. Appeal: CROSS-APPEAL. "Parties to an action desiring to effect
a cross-appeal in this court are required to file a brief of assign-
ments in error within the time limited by statute for appealing."
*Nebraska Hardware Co. v. Humphrey Hardware Co.,* 81 Neb. 693.

APPEAL from the district court for Adams county:
HARRY S. DUNGAN, JUDGE. *Reversed, with directions.*

*Montgomery, Hall & Young,* for appellant.

*J. A. Gardiner, contra.*

DEAN, J.

The Western Brick & Supply Company, hereinafter
called plaintiff, began an action in the district court for
Adams county against the Mid-West Construction Com-
pany, defendant, hereinafter called the Construction Com-
pany and the American Surety Company of New York, its
codefendant, hereinafter called the Surety Company, to
recover $916.93, that being the unpaid balance due from
the Construction Company for building material sold and
delivered by plaintiff to the Construction Company and
used by it in the erection in Aurora of a building for Cass
Brothers, a building for Mrs. A. V. Thomas, and for an
addition to the Aurora Electric Light Company building.
Plaintiff obtained judgment against both defendants for
$916.93 and $90 that was allowed as attorney fees in addi-
tion to the amount of the judgment, to be taxed as a part
of the costs in pursuance of section 3212, Rev. St. 1913.
The Surety Company appealed from the judgment and

from the allowance of attorney fees. The three several building. contracts between the Construction Company and its Aurora patrons were executed by the parties thereto in September, 1913. Shortly thereafter the Construction Company procured from its co-defendant, the Surety Company, three separate indemnifying bonds, wherein the Surety Company agreed to "indemnify the obligee against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract." The only obligees named in the three respective bonds executed by the Surety Company are Cass Brothers, Mrs. Thomas, and the Electric Light Company.

The Thomas building was completed on November 1, 1913, the Cass building on December 1, 1913, and the addition to the Electric Company building sometime in February or March, 1914. The statutory time for filing subcontractors' liens against the Thomas building expired some time in January, 1914, and on the Cass building some time in February, 1914. The time for filing such lien against the Electric Light building would not have expired until April 12, 1914, but that is not material, because it is shown by the direct examination of A. H. Ferrens, secretary and treasurer of plaintiff company, and by the testimony of E. D. Bruce, its shipping clerk and bookkeeper, that $421.35 was paid to plaintiff on April 7, 1914, in full settlement of the unpaid balance due for all material furnished by plaintiff that was used in the Electric building at Aurora. There is no dispute in the record with respect to the fact of this payment. To the same effect is the statement of S. H. Griffen, assistant manager of the Surety Company in Nebraska, who testified that he made the payment of $421.35 on April 7, for and on behalf of the Construction Company, from money furnished him for that purpose by the Electric Company. Philip Potter, resident manager of the Surety Company, also testified that his company did not to his knowledge contribute anything to this payment. Mr. Griffen testified, in substance, that shortly before the payment was made, per-

haps the same day, he called at the office of the Aurora Electric Company with Joseph Neptune, superintendent of the Construction Company, and while there Charles P. Craft, president of the Electric Company, gave to them a check for $1,000, with directions to pay certain accounts from the proceeds of the check, among them being the $421.35 which was the balance due plaintiff for material used in the Electric Company building.

From the record it is evident that counsel is mistaken in its contention that "plaintiff could have filed a valid lien on the building and ground of the Aurora Electric Light Company for the sum of $427.33 in addition to the $421.35 paid by Mr. Griffen on April 7, 1914." Obviously so, because two of plaintiff's witnesses and one witness for defendant testified that the latter sum constituted a payment in full of the balance due for material furnished by plaintiff that was used in the Electric building.

Plaintiff contends that when S. H. Griffen, the agent of the Surety Company, called at its office at Hastings on April 7, besides paying them $421.35, he promised plaintiff that if it would forbear the filing of liens against any of the Aurora property erected by the Construction Company the Surety Company would pay the balance of the indebtedness owing by the Construction Company to plaintiff for material furnished by it that was used in the Aurora buildings.

It appears to us that plaintiff must be mistaken with respect to such promise having been made. It is scarcely reasonable that it should have been made. When the balance due for the material that was used in the Aurora Electric building was paid, no lien could have been filed on that building, and the record clearly shows that the time in which a valid lien might have been filed by plaintiff on the Cass and Thomas buildings expired long before April 7, and the promise, even if made, which the agent denies, was without consideration. Doubtless there was considerable talk between the parties at the time, and some remark made by the agent was perhaps construed

to be a promise. It remains that it was no fault of the agent nor of the Surety Company that plaintiff allowed the time to pass in which it might have protected itself from loss by filing liens against the Cass Brothers and the Thomas buildings.

Plaintiff relied for recovery, not only on the alleged promise of the agent of the Surety Company to pay the balance due for material furnished by it to the Construction Company, but also pleaded and argued that the Surety Company was liable generally on the surety bonds.

The trial court eliminated from the consideration of the jury any liability of the Surety Company to plaintiff on the indemnity bonds, and gave to the jury this instruction: "The court instructs you, gentlemen of the jury, that, under the pleadings and the evidence, the sole question for your determination in this case is: Did the defendant, the American Surety Company, agree with the plaintiff that if plaintiff would not file any liens against the buildings constructed by the Mid-West Construction Company, and the lots upon which they were located belonging to the Cass Brothers, the Thomases, and the Aurora Electric Light Company, the American Surety Company would pay what was due to the plaintiff for the materials so furnished the Mid-West Construction Company?" After reading the court's instruction with respect to the "sole question" for its determination, there could remain no doubt in the mind of the jury as to the meaning of the court in the premises.

The Surety Company argues that the claim to recover on the surety bonds is eliminated by the judgment of the trial court, and that, plaintiff having failed to take a cross-appeal on that feature, the adjudication of the trial court is final on the question of its liability on the bonds generally. The contention of the Surety Company must be sustained. Rule 18b (Supreme Court Rules, 94 Neb. XV) provides: "On Cross-Appeal.—Coparties of appellants may join in the appeal or take cross-appeal, or any appellee may take cross-appeal, by filing with the clerk of

this court, within thirty days before the time fixed as rule day, a præcipe, which shall designate the name of such party as cross-appellant, and the names of all adverse parties as cross-appellees." *Anderson v. Griswold,* 87 Neb. 578. It is said in *Nebraska Hardware Co. v. Humphrey Hardware Co.,* 81 Neb. 693: "Parties to an action desiring to effect a cross-appeal in this court are required to file a brief of assignments of error within the time limited by statute for appealing." Plaintiff having failed to comply with the rule that has been invoked by the Surety Company, which requires that a cross-appeal be perfected in this court, we are compelled, in obedience to an orderly observance and enforcement of a salutary rule of long standing, to treat the allegation of plaintiff with respect to the alleged liability of the Surety Company generally on the indemnity bonds as an incident that has been finally closed in the trial court. The sole question tried and submitted to the jury in that court is plainly stated in the instruction now complained of by plaintiff, and hence in the present state of the record it is the only question that can properly be reviewed here.

The judgment of the district court is reversed, with directions to dismiss the action with costs as to the defendant American Surety Company.

REVERSED.

SEDGWICK, J., not sitting.