PETER DAHLSTEN, TRUSTEE, APPALLEE, V. BERTHA S. LIBBY ET AL., DEFENDANTS: GEORGE W. WYANT, APPELLANT.

FILED DECEMBER 26, 1919.   No. 20940.

1. **Appeal: TIME.** "The time for taking an appeal from the district court to the supreme court begins to run when the final judgment is entered of record." *In re Estate of Getchell*, 98 Neb. 788.

2. **Appeal: DISMISSAL.** An appeal to the supreme court from the confirmation of sale on foreclosure will not be dismissed because appellant has, after the entry of the decree, disposed of his interest

in the real estate, where such disposition is by warranty deed' on whose covenants he may be rendered liable.

3. **Mortgages: Foreclosure: Appeal: Redemption.** The proper procedure, where defendant desires to redeem from a decree of foreclosure after the transcript on appeal is lodged in the supreme court, is to make application to that court for leave to redeem.

4. ———: ———: ———: ———. Where it is made to appear that defendant in a foreclosure suit, pending the appeal in the supreme court, paid the amount due into the office of the clerk of the district court, by way of redemption, and the owner of the decree accepted the money and entered a release of the decree upon the docket of that court, such redemption will be approved upon payment of the costs in the supreme court by appellant.

Appeal from the district court for Wheeler county: James R. Hanna, Judge. *Remanded, with directions.*

*J. M. Shreve* and *T. J. Doyle,* for appellant.

*J. R. Swain, contra.*

Morrissey, C. J.

This suit was commenced in the district court for Wheeler county to foreclose a real estate mortgage. The court rendered a decree of foreclosure. There was sale of the mortgaged premises; the sale was confirmed, and this is an appeal from the order of confirmation.

Plaintiff filed a motion to dismiss the appeal for the reason, among others, that more than three months elapsed between the making of the order overruling defendants' objections and confirming the sale and the date of filing the transcript in this court. The record, so far as it relates to this assignment, may be summarized as follows: The sale was confirmed June 3, 1918; the order of confirmation was filed with the clerk of the district court, June 12, 1918, but the clerk did not spread it on the journal until December 31, 1918. The appeal was docketed in this court, January 29, 1919, less than 90 days from the time the order was spread upon the journal. "The time for taking an appeal from the district court to the supreme court begins to run when the

final judgment is entered of record." *In re Estate of Getchell*, 98 Neb. 788.

The other grounds urged in support of the motion to dismiss may be considered together. It is said that there is no party before the court who has a right to prosecute the appeal; that defendants Wyant have sold the land, and therefore have no interest in the subject-matter of the suit; that their grantee, who took by warranty deed prior to the confirmation, is not complaining of the order of the district court, nor is he in a position to do so, since he purchased while suit was pending, and with notice of the suit. These objections are not well taken. Even though the Wyants have sold the land, they are still entitled to show that the confirmation is erroneous, in order to protect themselves against liability under the warranty deed which they have given. Plaintiff, therefore, is not entitled to a dismissal of the appeal on any of the grounds advanced.

By showing, filed by appellee, it is made to appear that on November 1, 1918, plaintiff entered into an agreement with one David E. Chipps, whereby, for the consideration of $4,250, plaintiff agreed to convey the real estate to Chipps, and on or about March 1, 1919, apparently in compliance with the agreement just mentioned, plaintiff assigned all his interest under the decree to Chipps, for the consideration mentioned in the original contract. Plaintiff reserved, however, "the right to collect the rent for the season of 1918, under the supersedeas bond given for appeal." After the order of confirmation, from which this appeal is prosecuted, Chipps made application to the district court for an order directing the sheriff to make a deed to the premises to him, and it is said that such order was made, but a copy thereof is not set out in the transcript. It is further alleged that the damage sustained by reason of this appeal had accrued to the plaintiff under the supersedeas bond prior to the taking over of the decree by Chipps; that Chipps claims no right of action upon the bond for rent; that he neither agreed that

the land might be redeemed from sale, nor in any way assented to a redemption; that he purchased and paid for the assignment of the decree after the time for appeal to the supreme court had expired; that he has at all times demanded a deed, and still insists that he is at this time entitled to a deed for the land. This confusion arises, in part, at least, from the assumption that the appeal was not prosecuted in due season. The holding already indicated sufficiently disposes of the assertion that Chipps purchased the decree after the time for appeal had expired.

By supplemental certificate from the clerk of the district court for Wheeler county, it is made to appear that April 7, 1919, appellant George W. Wyant paid as redemption money to the clerk of that court the full amount due under the decree, together with the costs in that court, and that on June 30, 1919, Chipps through his attorney accepted the money and receipted the docket, "fully releasing the said judgment and decree." The proper procedure where defendant desires to redeem from a decree of foreclosure after the transcript on appeal is lodged in this court, is to make application to this court for leave to redeem. This practice was not followed in the instant case; but, inasmuch as the assignee of the decree accepted the money, and entered a release of the judgment on the docket of the district court, such redemption will be approved. Whatever agreement plaintiff may have had with Chipps as to the rents is not before us for determination.

It appearing that, pending the appeal, appellant George W. Wyant paid the amount of the decree, with interest and costs, to the clerk of the district court, and that the person appearing of record as the assignee of plaintiff has accepted the money and released the judgment, the redemption is approved; but, such redemption having been made without leave of this court, the costs herein will be taxed to the appellant, and the cause is remanded to the district court, with directions to set aside the order

of confirmation, and to enter the proper order of redemption.

REMANDED.

SEDGWICK and ALDRICH, JJ., not sitting.