E. H. LUIKART, RECEIVER FARMERS STATE BANK, SCOTIA, APPELLANT, V. HENRY BREDTHAUER ET AL.: OSCAR HAGGSTROM, APPELLEE.

271 N. W. 165

FILED JANUARY 22, 1937.   No. 29796.

*F. C. Radke, Clarence G. Miles* and *Howard L. Holtzendorff,* for appellant.

*Charles Dobry* and *Taylor & Spikes, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and RAPER, District Judge.

CARTER, J.

The appellee, Oscar Haggstrom, filed a motion in this action in the district court after a judgment had been entered against him, applying for the entry of a record of a discharge in bankruptcy. Objections were filed thereto and

a hearing had. From the order of the district court sustaining appellee's motion, appellant appeals.

The record discloses that on November 17, 1931, E. H. Luikart, as receiver of the Farmers State Bank of Scotia, commenced an action against the appellee and others for the purpose of recovering the amounts due from them by virtue of their being stockholders in the insolvent bank. On April 25, 1932, the case was heard by the district court. The trial judge entered his notes in the trial docket which showed the default of appellee and the amount adjudged to be due. On April 27, 1932, the purported judgment was entered on the general index and judgment docket in the district court. The date of the signing of the formal journal entry by the trial judge cannot be determined from the evidence. It appears to have been filed on January 23, 1935, although the evidence discloses that it was in the possession of the clerk of the district court for a considerable time before that date. We conclude that the judgment was not entered on the district court journal until January 23, 1935.

On December 10, 1931, appellee filed a petition in bankruptcy in the United States district court and on June 19, 1933, he received his discharge in bankruptcy. Appellee made no attempt to stay the proceedings in the case at bar, nor did he plead the bankruptcy proceedings as a defense. That the claim upon which the judgment is based was scheduled and provable in the bankruptcy proceedings is admitted.

The question for our determination is whether the discharge in bankruptcy was, under the circumstances of this case, a discharge from the judgment entered by the district court for Greeley county. It is clearly the law that, if judgment be obtained upon a debt provable in a pending bankruptcy proceeding before the defendant is granted a discharge in bankruptcy, the judgment is discharged even though the proceeding was not stayed in the state court. In *Boynton v. Ball*, 121 U. S. 457, the court said: "If for any of these reasons, or for others, he permits the case to

proceed to judgment in the state court, by failing to procure a stay of proceedings under the provisions of this section of the bankrupt law, or the assignee in bankruptcy does not intervene as he may do (*Hill v. Harding,* 107 U. S. 631), he does not thereby forfeit his right to plead his final discharge in bankruptcy, if he shall obtain it, at any appropriate stage of the proceedings against him in the state court. And if, as in the present case, his final discharge is not obtained until after judgment has been rendered against him in the state court, he may produce that discharge to the state court and obtain the stay of execution which he asks for now. See *McDougald v. Reid & Talbot,* 5 Ala. 810." In *Rogers v. Western Marine & Fire Ins. Co.,* 1 La. Ann. 161, the court said: "The proposition that Rogers should have pleaded the pendency of the bankrupt proceedings in the original suit, and cannot disturb the execution of a judgment which is final, is untenable. The discharge in bankruptcy was posterior to the rendition of this judgment, and operated with the same force upon the debt after it assumed the form of a judgment, as it would have done had the debt remained in its original form of a promissory note." A text-writer discusses the subject in apt language as follows: "A debt upon which a judgment has been rendered since the commencement of proceedings in bankruptcy may be proved. The debt is not extinguished. The instrument, contract, or obligation upon which the debt arose is extinguished, but not the debt. The debt remains. If this were not so, the judgment would destroy itself by extinguishing the very foundation upon which it is built. The debt was founded upon contract; it is now founded on judgment, but it is, nevertheless, the same debt. A judgment operates to extinguish a debt only when it produces the fruits of a judgment. It operates as a change of remedy merely. It is a security of a higher nature. It is still but a security for the original cause of action. The theory that the debt is so merged in the judgment as to be extinguished, has no applicability under the bankruptcy act." Bump, Bankruptcy (11th ed.) 468.

Therefore, if the judgment in the case at bar was rendered prior to June 19, 1933, the date appellee was granted a discharge in the bankruptcy proceeding, the judgment is barred. If it was rendered after that date, the judgment remains in full force and effect.

It is important in the case at bar that we distinguish between the rendition of a judgment and its entry of record. A noted text-writer, in discussing the difference between the rendition and entry of a judgment, says: "The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict. The entry of a judgment is a ministerial act, which consists in spreading upon the record a statement of the final conclusion reached by the court in the matter, thus furnishing external and incontestable evidence of the sentence given, and designed to stand as a perpetual memorial of its action. It is the former, therefore, that is the effective result of the litigation. In the nature of things, a judgment must be rendered before it can be entered. And not only that, but though the judgment be not entered at all, still it is none the less a judgment. The omission to enter it does not destroy it, nor does its vitality remain in abeyance until it is put upon the record. The entry may be supplied, perhaps after the lapse of years, by an order *nunc pro tunc*. But it must not be supposed that this proceeding is required to give existence and force, by retrospection, to that which before had none." 1 Black, Judgments (2d ed.) sec. 106. See, also, 15 R. C. L. 578, sec. 11. In *Ward v. Urmson*, 40 Neb. 695, 59 N. W. 97, this court quotes with approval the following: "Mr. Black, at section 106 of volume 1 of his work on Judgments, in discussing the distinction between rendition and entry of judgment, says: 'There are certain purposes, however, for which a judgment is required to be duly entered before it can become available or be attended by its usual incidents. Thus, as above remarked, this is a prerequisite to the right to appeal. And so a judgment must commonly be docketed be-

fore it can create a lien upon land, and in some of the states (though not all) the priority among different liens is de-termined by their respective dates of docketing. And again, the record entry of a judgment is indispensable to furnish the evidence of it, when it is made the basis of a claim or defense in another court. But with these exceptions, a judgment is independent of the fact of its entry. And in all cases, the distinction between rendition and entry is substantial and important.'" See, also, *Horn v. Miller*, 20 Neb. 98, 29 N. W. 260.

The general rule is that a judgment is rendered when the court pronounces its decision upon the law and facts in controversy as ascertained by the pleadings. There are, of course, certain purposes for which a judgment already rendered must be entered of record to be effective. A judg-ment must be entered before an appeal may be had. Also, in this state, a judgment must be docketed before it becomes a lien upon real estate, and, likewise, the entry of a judgment is necessary to furnish the evidence of it when it is made the basis of a claim or defense in another court. Appellant cites many cases showing that the entry of the judgment is necessary to an appeal and to create a lien upon real estate. These cases have no application to the case at bar. Under the facts and circumstances of the suit before us, the judgment was rendered on April 25, 1932, which is prior to the date that appellee obtained his dis-charge in bankruptcy. The judgment thus obtained is barred by appellee's discharge in bankruptcy.

Appellant contends that the court was without juris-diction to consider appellee's application to have the records of the court show that the judgment was barred by the discharge in bankruptcy. We are of the opinion that a motion or application filed in the same action in which the judgment is rendered is a proper procedure to obtain the relief to which appellee is entitled. *Leonard v. Yohnk*, 68 Wis. 587, 32 N. W. 702; 3 R. C. L. 318, sec. 141.

The judgment of the trial court is correct and is

AFFIRMED.