Mary C. Sloan, appellant, v. Irene T. Gibson, appellee.
57 N. W. 2d 167

Filed February 27, 1953. No. 33253.

*John Adams, Sr.,* and *Ralph W. Adams,* for appellant.

*Kirkpatrick & Dougherty,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Boslaugh, J.

The subject matter of this litigation is the claim of appellant that she, on November 7, 1949, engaged appellee, an authorized and licensed cosmetologist and hair stylist and the owner and operator of a beauty salon in York, for a compensation, to give the hair of appellant a permanent wave treatment; that appellee accepted employment for that purpose and instructed one of her operators to administer to the hair of appellant a Zotos cold wave; that she made application of a liquid substance referred to as cold wave set to the head, hair, forehead, and face of appellant; that it caused blisters on her face, forehead, scalp, and all places where it came in contact with her flesh; that the blisters de-

veloped into sores and scabs; that she was denuded of the greater portion of her hair; that she has since been and will continue to be almost wholly without hair on her head; that she was thereby caused injuries, great pain and suffering, large expense, permanent loss of natural appearance and attractiveness; and that the proximate cause of the injuries, loss, and damage of appellant was that appellee did not in the service rendered exercise care and prudence or the degree of skill possessed and used by persons engaged in that character of work and service in that territory.

The charges made by appellant were denied by appellee, except the fact that she is a licensed cosmetologist in Nebraska, and she alleged that the work done by her for appellant was performed in a careful and prudent manner and with the degree of care and skill exercised by members of the trade in that community.

The jury found in favor of appellee. The motion of appellant for a judgment notwithstanding the verdict and judgment for appellee, or in the alternative for a new trial, was in all respects overruled on February 21, 1952. A notice of appeal was filed by appellant on July 3, 1952.

The statute, before the amendment of 1941 (Laws 1941, c. 32, § 1, p. 141), was that proceedings to obtain a reversal of a judgment rendered or a final order made by the district court should be by filing in the Supreme Court a transcript containing the judgment or final order sought to be reversed within the time therein stated from the rendition of the judgment or the making of the final order or within the time therein stated from the overruling of a motion for a new trial in the cause, and that the filing of the transcript should confer jurisdiction of the cause upon the Supreme Court. § 20-1912, Comp. St. 1929. The words "rendition of such judgment" as used therein were determined to mean entry thereof upon the record. Theisen v. Peterson, 114 Neb. 154, 211 N. W. 19. It was also established in

considering this subject that the words " 'entered of record' " or " 'spread upon the journal' " expressed the same thing, that is, entered on the journal. Union Central Life Ins. Co. v. Saathoff, 115 Neb. 385, 213 N. W. 342. It was repeatedly held that a litigant could not appeal from and this court could not entertain proceedings for the review of a judgment or final order of the district court until it was formally entered in or spread upon the journal of the court in which it was rendered or made, and therefore, the time for taking an appeal from the district court to the Supreme Court commenced to run when the judgment or final order was entered of record and not from the time the judgment was rendered or the final order was made. Union Central Life Ins. Co. v. Saathoff, *supra;* Dahlsten v. Libby, 104 Neb. 84, 175 N. W. 655; In re Estate of Getchell, 98 Neb. 788, 154 N. W. 537; Anderson v. Griswold, 87 Neb. 578, 127 N. W. 883. This doctrine was stated in Bickel v. Dutcher, 35 Neb. 761, 53 N. W. 663: "The time within which an appeal may be taken from a decree of the district court does not begin to run until such decree has been entered of record, so that it is within the power of the appellant to comply with the statute regulating appeals, by filing in this court a certified transcript of the proceedings in the district court." It was frequently repeated and in Union Central Life Ins. Co. v. Saathoff, *supra,* the court remarked: "To such holding we should continue to be bound until the legislature has otherwise provided."

The Legislature did that by the amendment of 1941. Laws 1941, c. 32, § 1, p. 141; § 20-1912, C. S. Supp., 1941. It was thereby provided that the proceedings to obtain a reversal of a judgment or final order made by the district court should be by filing in the office of the clerk of that court within 3 months after the "rendition of such judgment or decree, or the making of such final order, or within three months from the overruling of a motion for a new trial in said cause, a notice of intention to prosecute such appeal," and by depositing with

the clerk of the district court the docket fee required by law in appeals to the Supreme Court. The filing of the notice of appeal and the depositing of the docket fee were the acts required to vest the Supreme Court with jurisdiction of the cause. The amendment of 1947 changed the time within which the notice must be filed and the docket fee deposited from 3 months to 1 month. § 25-1912, R. R. S. 1943. The rendition of a judgment, the making of a final order, or the overruling of a motion for a new trial as contemplated and intended by this statute means the announcement by the court of the judgment, the final order, or the denial of the motion for a new trial, and not the notation thereof in any record or the entry thereof in the journal of the court. The distinction between the rendition of a judgment or order and the entry thereof as stated in Luikart v. Bredthauer, 132 Neb. 62, 271 N. W. 165, is applicable: "A judgment is rendered when the court announces its decision upon the law and the facts in controversy as ascertained by the pleadings. * * * The entry of a judgment upon the records is not an integral part of the judicial act of rendering a judgment, although the entry thereof may be required before it can become available for certain purposes." See, also, Shipley v. McNeel, 149 Neb. 793, 32 N. W. 2d 636; Maher v. State, 144 Neb. 463, 13 N. W. 2d 641.

The notice of appeal must be filed in the office of the clerk of the district court and the docket fee must be deposited with the clerk within 1 month after the rendition of the judgment, if there is no motion for a new trial, or within 1 month from the overruling of a motion for a new trial timely filed in the cause or there can be no appeal from the district court to this court. Frenchman-Cambridge Irr. Dist. v. Ferguson, 154 Neb. 20, 46 N. W. 2d 692; Molczyk v. Molczyk, 154 Neb. 163, 47 N. W. 2d 405; Harkness v. Central Nebraska Public Power & Irr. Dist., 154 Neb. 463, 48 N. W. 2d 385. This is a fundamental and mandatory rule. This court

must take judicial notice of its application in a case in which it has not acquired jurisdiction. The notice of appeal in this case was not filed until more than 4 months after the motion for a new trial was overruled. This court has no authority to entertain this appeal.

It should be and it is dismissed.

APPEAL DISMISSED.