Michael W. Brown, appellee, v. City of Omaha, a
Municipal Corporation, et al., appellants.

137 N. W. 2d 814

Filed November 5, 1965. No. 35889.

Herbert M. Fitle and Marchetti & Samson, for appellants.

Simon J. Albracht and Schrempp, Lathrop & Rosenthal, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

WHITE, C. J.

Appellee, Michael W. Brown, was suspended and discharged from the Omaha police department on December 12, 1963. A letter from police chief Ostler to Brown on that date reveals that the stated reason for his discharge was conduct unbecoming an officer in that he gave false testimony under oath in a liquor license hearing before the city council.

Appellee appealed from this order of suspension and discharge to the personnel board of the City of Omaha. The personnel board took extensive evidence in hearings commencing on January 20, 1964, and concluding *on February 3, 1964,* at which time the board took the following action: "THE CHAIRMAN: The members of the Board all being present, and the *parties being present,* the special session of the Omaha Personnel Board in the matter of the hearing on the appeal of Michael Brown is again officially in session, *after executive session to consider the matter.* The board will entertain any comments or motions that any member of the board may have in this matter at this time. MR. NOVAK: I move that Mike Brown's appeal be denied. MR. GALAS: I will second it. THE CHAIRMAN: Motion made and seconded that the appeal in the case of Michael Brown be denied. Will the secretary please call the roll? SECRETARY: Mr. Cascio? MR. CASCIO: Yes. SECRETARY: Mr. Galas? MR. GALAS: Yes. SECRETARY: Mr. Novak? MR. NOVAK: Yes. SECRETARY: Mr. Syas? MR. SYAS: No, for the following reasons: * * *." (Emphasis supplied.)

The chairman of the board, Dr. Frank Barta, made the following statement at the end of the hearing: "* * * I firmly vote with the members of the board who deny his appeal and also deny it, and this makes it four to one, and it is so ordered. * * * (Whereupon, at 10:35 p.m.,

on February 3, 1964, the hearing was concluded.)" The record discloses that appellee and counsel for both parties were present when the above proceedings took place.

*The petition in error herein was filed* in the district court for Douglas County on *March 5, 1964.* The first assignment of error raises the question of the jurisdiction of the district court. The district court overruled the objections of the appellants as to its jurisdiction. These objections were made under section 25-1931, R. R. S. 1943, applicable here. This section provides that no proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless *within 1 calendar month* after the rendition of the judgment or the making of the final order complained of. And, we have construed the term "calendar month" as being a period terminating with the day of the succeeding month, numerically corresponding to the day of its beginning, less one. Ruan Transport Corp. v. Peake, Inc., 163 Neb. 319, 79 N. W. 2d 575.

We have no power to extend the period of review for 1 or 2 days any more than we could extend it 6 months, and it is fundamental that the right to review by error proceedings or to appeal is statutory and the requirements of the statute must be met before the district court or this court acquires jurisdiction of the subject matter of the action.

In the Ruan case, *supra,* the court said: "If the appeal is not timely perfected within 1 month from the date of the entry of the order to which complaint is made, then this court has no jurisdiction."

We have held that a judgment is the final determination of the rights of the parties; that a judgment is "rendered" when the *decision is announced* upon the law and the facts; and further that the entry of a judgment upon the record is not an integral part of the judicial act of rendering judgment. Ricketts v. Continental Nat. Bank, 169 Neb. 809, 101 N. W. 2d 153.

In Dorshorst v. Dorshorst, 174 Neb. 886, 120 N. W. 2d

32, we held that an order is final and appealable when substantial rights of the parties are determined even though the cause is retained for determination of matters incidental thereto. It is apparent that the action of the personnel board in passing the motion denying the appeal constituted a final determination of the rights of the parties and was a rendition of a judgment upon the law and the facts.

In a similar situation, this court said in Harms v. County Board of Supervisors, 173 Neb. 687, 114 N. W. 2d 713, as follows: "However, in the case of Anania v. City of Omaha, 170 Neb. 160, 102 N. W. 2d 49, where this court considered an appeal from the judgment of the district court brought to the trial court by error proceedings it was made clear that the provisions of the statutes granting the right of review in such cases must be followed. In that case the court laid down the following rules: 'A petition in error in a district court to test the validity of a final order of an inferior tribunal is an independent proceeding the object of which is to obtain a reversal of the order presented for review. * * * Appellate jurisdiction of a case cannot be conferred upon a court by action of the parties thereto and the absence of such jurisdiction may be asserted at any time during the pendency of the litigation. * * * An appellate court may not consider or decide a case within its appellate jurisdiction unless its authority to act is invoked in the manner prescribed by law. * * * If a district court was without jurisdiction of the subject matter of litigation, this court does not acquire jurisdiction thereof by an appeal to it from a final order of the district court therein.' * * * In proceedings under section 25-1901, R. R. S. 1943, it is mandatory that a petition in error and the transcript be properly authenticated and timely filed to vest the appellate court with jurisdiction of the subject matter. Anania v. City of Omaha, *supra.* * * * *it is apparent that the district court acquired no jurisdiction of the subject matter, and that this court*

*under the circumstances acquired none either.* It follows that the action of the district court dismissing the petitions on appeal must be affirmed." (Emphasis supplied.)

Appellee argues that the Omaha municipal code (chapter 7.04.100 (c)), requires that the board "report in writing" its findings and decisions to the parties; that this document, the report in writing, bears the date of February 7, 1964; and that the time for appeal should be computed from this date. We do not agree. The personnel board was sitting in a quasi-judicial capacity; in other words, it was exercising a judicial function in determining the rights of appellee. After the personnel board announced its decision on February 3, 1964, nothing remained to be done except the administrative act of reducing the order to writing and transmitting it to the appellee.

The chairman announced in open hearing on February 3, 1964, "it is so ordered." The municipal code requirement provided for the reduction of the order to writing and its transmittal to the parties. But, this in no way destroys the indisputable fact in the record that the board announced and rendered its decision at the termination of the hearing on February 3, 1964. It is true that the action of the board had to be transmitted to the parties. But, we feel that this requirement of transmittal is no more significant as far as the finality of the order is concerned than was the necessity, as in the Ricketts case, that a formal decree be spread on the records of the court. It is clear from the holding in the Ricketts case that the rendition of the judgment or final order takes place when the announcement of the decision is made. The appellee was present with counsel and was fully aware of the board's final and announced decision. The chairman of the board announced, "it is so ordered."

Consequently, we hold in this case that the district court acquired no jurisdiction of the subject matter, the

petition in error having not been timely filed, and that therefore this court under these circumstances acquired no jurisdiction either. The order of the personnel board remains final and binding on all parties concerned. The judgment of the district court is reversed and the cause remanded with directions to dismiss the error proceedings on the ground of lack of jurisdiction.

REVERSED AND REMANDED WITH DIRECTIONS.

SMITH, J., dissenting.

The majority opinion holds that the oral vote constituted the rendition of the judgment regardless of the date when the action was spread upon the records of the board. For support it looks to rules governing appeals to this court from the district court. The analogy bares the sensitivity of the court to the need for a record entry in a case where the transcript is jurisdictional—the case of Michael W. Brown.

Prior to 1941 the transcript was jurisdictional. Although the statute measured the time from rendition of the judgment, this court repeatedly held that time commenced to run when the judgment was entered of record, " "* * * so that it * * * (was) within the power of the appellant to comply with the statute regulating appeals, by filing in this court a certified transcript of the proceedings in the district court.' " Sloan v. Gibson, 156 Neb. 625, 57 N. W. 2d 167, quoting Bickel v. Dutcher, 35 Neb. 761, 53 N. W. 663.

In 1941 the transcript lost its jurisdictional feature, but the phrase "rendition of such judgment" was retained. Subsequently the court said that an announcement without a record entry could be a rendition. See Ricketts v. Continental Nat. Bank, 169 Neb. 809, 101 N. W. 2d 153. The new interpretation responded to the repeal of the jurisdictional requirement that a transcript be filed. See Sloan v. Gibson, supra. If we stretch the analogy a little further, we run into the present statutory provision that a notation on the trial

docket is an integral part of the rendition. See § 25-1301, R. S. Supp., 1963.

Time did not commence to run against Brown before entry of the decision on the records of the board so that it was within his power to comply with the statute by filing the transcript in the district court. I respectfully dissent.

SPENCER, J., joins in this dissent.