GARROW et al. v. UNITED STATES.
No. 10276.

Circuit Court of Appeals, Fifth Circuit.
Nov. 25, 1942.

Writ of Certiorari Denied Feb. 15, 1943.

J. Gaillard Hamilton, of Mobile, Ala., for appellants.

Albert J. Tully, Sp. Asst. to U. S. Atty., of Mobile, Ala., Norman M. Littell, Asst. Atty. Gen., and Roger P. Marquis, Atty., Department of Justice, of Washington, D. C., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The appeal is from judgments, entered on jury verdicts, ascertaining and establishing the just compensation for two parcels of land situated in Mobile County, Alabama, which parcels were condemned and taken for the use of the United States as part of a site for the Southeast Air Depot.

On March 19, 1940, the Government instituted proceedings to condemn certain lands, including Parcel 52 containing 32.543 acres, owned by the appellant, Virginia Bullock-Willis, and Parcel 53 containing 33.34 acres, owned by the appellants, J. Wanroy Garrow and Marcita D. Garrow. In compliance with the applicable statute, 40 U.S.C.A. § 258a, the Government filed a declaration of taking signed by the Secretary of War, and deposited in the registry of the court amounts estimated as just compensation for the lands; the deposit including the sum of $9,900 for Parcel 52, and $13,100 for Parcel 53. The landowners considered the estimates too low, and commissioners were appointed by the court to ascertain the values of the parcels. The findings of the commissioners were unsatisfactory to both the landowners and the Government, and accordingly requests were made that the issue as to values be tried to a jury. A trial was had and the issues were presented and submitted to a jury, and verdicts were returned fixing the values of the parcels, as of the date of the taking, at $8,314.73 for Parcel 52, and $8,518.37 for Parcel 53. The Garrows and Virginia Bullock-Willis filed motions for judgments non obstante veredicto for the amounts deposited by the Government as estimated just compensation on the ground that the sums so deposited were the "admitted" values of the parcels, and that "by said admission of record the United States is estopped from claiming or the jury from finding a verdict for a lesser sum". The motions were overruled by the court, and judgments entered for the amounts found by the jury. The deposits having been for more than the final award, the deficiency as to each parcel was set off against excess awards made on other parcels involved in the action. Motions for new trial asserted that the judgments for less than the deposited amounts were contrary to the statute and to the Fifth Amendment to the Constitution of the United States. The motions for new trial were overruled, and the judgments allowed to stand.

Appellants contend that the applicable statute, 40 U.S.C.A. §§ 258a–258e, when interpreted and construed in the light of the Fifth Amendment, is to the effect that the deposit made in court is to be "just compensation pro tanto, vesting absolutely in the landowner, and its amount incapable of being legally reduced by the verdict of the jury or the judgment of the court". They assert that the deposit, although not binding on the landowner, is binding on the Government, and that an award of

726

compensation below the amount deposited does violence to the statute and to the Fifth Amendment to the Constitution. The statute, § 258a, provides that the parties in interest may, upon application, receive the deposit of estimated compensation "forthwith", and that when the final award is made, interest shall not be awarded on such amount "as shall have been paid into the court". Pointing to these provisions of the statute, appellants say that the deposit of "estimated" compensation is binding on the Government; and that an interpretation of the statute so as to permit subsequent judgment for a lesser amount would result in an "embarrassed use" of all the money withdrawn by the owner and not an absolute payment of any of it, with the result that full, just compensation, including interest, would not be awarded; and that such result would contravene the just compensation provision of the Fifth Amendment.

Appellants' contentions are without merit. The power of eminent domain is an attribute of sovereignty. The power, however, is limited and conditioned by the just compensation clause of the Fifth Amendment to the Constitution of the United States. Hanson Lumber Co. v. United States, 261 U.S. 581, 587, 43 S.Ct. 442, 67 L.Ed. 809; 18 Am.Jur., Eminent Domain, §§ 4, 7. When land is taken for public use, the Fifth Amendment requires that just compensation be paid to the owner, but it does not, as some State constitutions do, direct that payment be "first" made in advance of the taking. The owner is entitled to receive the value of the property he has been deprived of. To award him less than the value of the property taken would be unjust to him; to award him more than its value would be unjust to the public. Bauman v. Ross, 167 U.S. 548, 574, 17 S.Ct. 966, 42 L.Ed. 270.

The statute involved here provides for payment of just compensation to the owner for the property taken from him by the Government; and the only fair interpretation that can be given to the statute is that the owner is to receive the value of the property he has been deprived of, and that the Government will pay him that amount, no more, no less. In condemnation cases under § 258a the deposit paid into the registry of the court is expressly designated as "estimated" just compensation for the land condemned and taken. The estimate is not final. The final award

is left to be ascertained and awarded in the proceeding "and established by judgment".

Here the issues respecting the values of Parcels 52 and 53 have been fully and fairly tried to a jury which fixed the values at definite amounts as of the date of the taking. These amounts, legally established, constitute the just compensation to which appellants were entitled. They may not be paid less than these amounts, they may not have more; for a less amount would deny them what they are entitled to, and "more would be unjust to the United States". United States v. New River Collieries, 262 U.S. 341, 344, 43 S.Ct. 565, 567, 67 L.Ed. 1014. Cf. Miller v. United States, 9 Cir., 125 F.2d 75.

The judgments are affirmed.