## UNITED STATES v. 357.25 ACRES OF LAND IN CALCASIEU PARISH, LA., et al.

### Civil Action No. 849.

District Court, W. D. Louisiana, Lake Charles Division.

May 17, 1944.

Malcolm E. Lafargue, U. S. Atty., and J. Y. Fontenot, Asst. U. S. Atty., both of Shreveport, La., for plaintiff.

Coleman D. Reed, of Lake Charles, La., for defendants.

DAWKINS, District Judge.

T. R. Gormley and J. T. Colletta were among those owning lands near the military airport outside Lake Charles, Louisiana. In a proceeding of condemnation or expropriation of several tracts in fee, and the rights of avigation as to others, the properties of Gormley and Colletta were in the latter class. The areas involved were respectively 1.62 acres out of the Gormley and 1.10 acres out of the Colletta tract, each containing a total of five acres. The space to be used began at a height of 25 feet above ground at the side nearer the airfield and increased to approximately 40 feet on the outside boundary. The easement for flying over the property was to run for a period of fifteen years or until the present war has ended, if the Government sees fit to discontinue use of the airfield thereafter.

With the petition for condemnation, a deposit of $50, as representing fair compensation for each claim, was deposited. The claimants each demanded several hundred dollars. The matter was tried to a jury of freeholders according to law, which returned a verdict as to the value of the rights of "No Dollars"; in other words, the effect was to say the property would not be damaged or its value reduced by the use of the easement under the circumstances revealed by the proof.

The evidence showed that the police jury, governing body of Calcasieu Parish (county), had previously passed an ordinance under its police power, prohibiting the erection or maintenance of buildings or other obstructions in excess of 25 feet in height, within a distance much greater than that of the properties herein involved, as to all boundaries of the airfield, with appropriate criminal penalties. The lands in this case were situated some 500 feet west of an extension of the center line of the airfield landing strip, from which planes would take off or land when returning. The testimony showed that little or no flying would be done over the small areas, as to which the easement was to apply, except by small training planes, which were seldom used; and that all other types would operate several hundred feet up, the same as in the case of all other lands over which no easements were sought.

Claimants have moved for a new trial, contending that, first, the verdict was not responsive to the pleadings, because the Government admitted a value of at least $50 for each tract by making deposits for those amounts, and secondly, that the evidence showed a much greater value. The testimony as to the effect on the lands was conflicting. Some of the witnesses for the Government testified that there would be no diminution in the value of claimants' property and that the deposits were made merely to form a basis for putting the matter at issue; that the location was such that there was no reasonable probability of buildings or other improvements being constructed during the life of the easement on the lands, which were largely in the open country, nor were there any trees upon them and none could be grown to such height within that time, which would have to be cut or kept trimmed. In other words, its use could be continued for any purpose that could, within reason, be foreseen during that time, with no disturbance other than noise of the aircraft, which would be the lot of other property in the vicinity.

It is true that other witnesses claim the value of the lands would be reduced 50 per cent or more because of the danger, restriction upon height of construction and the noise. The jury heard it all and evidently decided that, under the conditions existing when taken, no diminution in value would be suffered. They were carefully instructed as to the law for determining the value of the rights.

No cases directly in point (where all compensation was denied) have been cited by either side. Claimants rely upon state and federal constitutional provisions that private property shall not be taken for public use without just and adequate compensation and cases interpreting the same. However, attorneys for the Government rely mainly upon Garrow v. United States, 5 Cir., 131 F.2d 724, holding that it was not bound by the sum deposited as fair value, if the jury found a smaller amount; and also United States v. Miller, 317 U. S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55, to the effect that if more than the amount of the verdict had been deposited and permitted to be withdrawn before the case was tried, the Government could recover judgment against the landowner for the excess so paid.

I do not believe that by the taking of the rights sought the property of the claimants, in view of the restriction already existing, as a result of the action of the police jury, and its location with respect to the airport, and probable use, has suffered any appreciable diminution in value by the taking and that the motion for a new trial should be denied.

Proper decree should be entered.