UNITED STATES v. 0.45 ACRE OF LAND IN TOWN OF GROTON, NEW LONDON COUNTY, CONN. et al.

No. 281.

Circuit Court of Appeals, Second Circuit.

Aug. 20, 1945.

J. Edward Williams, Acting Head, Lands Division, Department of Justice, of Washington, D. C., Robert P. Butler, U. S. Atty., of Hartford, Conn., Vernon L. Wilkinson and S. Billingsley Hill, Attorneys, Department of Justice, both of Washington, D. C., for petitioner-appellant.

Richard F. Corkey, of Hartford, Conn., for appellee Kathleen S. Carberg.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

On October 23, 1941, the United States filed a petition for the condemnation of two parcels of land in Groton, Conn., which it needed for use in operating the submarine base at New London. It also filed a declaration of taking and deposited in the registry of the District Court for the District of Connecticut the sum of $13,301 as the estimated just compensation for the two parcels. Of this amount, $4000 was allocated to land called Parcel A that was owned by Kathleen S. Carberg, and the present controversy concerns only that parcel.

After the government had amended its declaration of taking but had left the deposit unchanged, counsel for Kathleen S. Carberg, without himself making any motion for distribution, requested the district attorney to move for the distribution of $2000 of the deposit to the owner of Parcel A. This was done on October 27, 1942, and an order for the distribution of that amount was made on the same day. There-

after, a duly appointed committee appraised the property and awarded $4900 as just compensation. The amount awarded was not questioned, and on motion by the government the court entered judgment on the award and ordered the remainder of the deposit distributed to the owner together with the amount of the deficiency, with interest on the latter from the date of taking. On November 24, 1943, counsel for Kathleen S. Carberg moved to reopen and to amend the judgment, inter alia, to allow interest on the $2000 which had remained on deposit after the first order of distribution was made, from the date of the first order to the date of final distribution. The motion was granted, interest was allowed and the government has appealed from the judgment as thus amended. The sole issue on this appeal is whether or not the owner was entitled to interest as allowed on that portion of the original deposit which remained undistributed until final judgment was entered.

The statute under which this land was condemned expressly provides for interest at six per cent on the final award from the date of taking to the date of payment, but with the exception that "interest shall not be allowed on so much thereof as shall have been paid into the court." 40 U. S.C.A. §§ 258a–258e. Ordinarily no interest may be recovered on the amount so deposited. United States v. Foster, 8 Cir., 131 F.2d 3; Garrow v. United States, 5 Cir., 131 F.2d 724; Atlantic Coast Line R. Co. v. United States, 5 Cir., 132 F.2d 959. The statute is designed to give the government possession of the property at once without its becoming bound to pay interest on whatever amount it deposits as estimated just compensation for the taking though liable for interest on any additional amount which may be finally awarded to the former owner. An additional purpose is to give to the former landowner whose title is clear the opportunity to receive an immediate cash payment to the extent of the deposit. United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A. L.R. 55. The former owner is entitled to withdraw the deposit at any time and if not deprived of that privilege has no right to interest on whatever he elects not to take. If, however, the government reduces the deposit before it has been withdrawn by the former owner the amount remaining after such reduction is treated as the amount deposited and interest on the deficiency computed on that basis is allowed. United States v. 1,997.66 Acres of Land, 8

116

Cir., 137 F.2d 8. So, too, if the United States opposes the withdrawal by the former owner and the court declines to allow a part to be withdrawn, it has been held that interest may be allowed on the portion withheld. United States v. Certain Lands in St. Louis, Mo., D.C.E.D.Mo., 41 F.Supp. 809.

But in this instance the former owner made no attempt to withdraw the remainder of the deposit before the final order of distribution. She was apparently satisfied to let the $2000 remain on deposit. However that may be, that owner was entitled at any time to move for an order of distribution of the remainder. The above statute provides in part that "Upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding." The owner may make such a motion without notice to the government. United States v. Lands in Hempstead, 2 Cir., 129 F.2d 918; United States v. Certain Lands in Borough of Brooklyn, 2 Cir., 129 F.2d 577. But unless he makes such a motion and it is denied in whole or in part, the amount of the deposit is to be treated as at his disposal. If he does not see fit to apply to the court for it, the loss of the use of it is due to his own failure to accept payment pro tanto. In such event no interest is allowable under the statute. Atlantic Coast Line R. Co. v. United States, supra; United States v. Heitman, D.C.Nev., 36 F.Supp. 126; United States v. 3.71 Acres of Land, D.C.E.D.N. Y., 50 F.Supp. 628.

Judgment reversed.