**UNITED STATES v. CERTAIN PARCELS OF LAND IN TOWN OF STRATFORD, FAIRFIELD COUNTY, CONN., et al.**

No. 282.

Circuit Court of Appeals, Second Circuit.

Aug. 20, 1945.

J. Edward Williams, Acting Head, Lands Division, Department of Justice, of Washington, D. C., Robert P. Butler, U. S. Atty., of Hartford, Conn., Vernon L. Wilkinson and S. Billingsley Hill, Attys., Department of Justice, both of Washington, D. C., for petitioner-appellant.

Albert L. Coles, of Bridgeport, Conn., for Patrick Callahan.

Richard L. Weldon, of Bridgeport, Conn., for Cornelius Ahern.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

This appeal presents substantially the same issue as that in United States v. 0.45 Acre of Land, 2 Cir., 151 F.2d 114, to which reference is made. In this instance there was a like failure of the former owners to move for the distribution of the amount deposited by the government on a declaration of taking in condemnation proceedings. Here the government moved for partial distribution and the motion was granted. Interest on the remainder of the deposit was allowed in the final judgment and the government has appealed.

In this case counsel for Callahan, who formerly owned two of the parcels of land which were condemned, did not merely request the district attorney to move for partial distribution of a stated amount but first asked the district attorney how much of it might be withdrawn with the latter's approval. The district attorney replied that $20,000 might be withdrawn from that part of the deposit which was allocated to the Callahan land and $3300 to $3500 from the part allocated to land formerly owned by one Ahern. He suggested that Callahan's attorney request him to make such a motion and also inform Ahern's attorney that he might likewise request the district attorney to move for the distribution of the amount approved for withdrawal by Ahern. Both attorneys requested that such motions be made. They were made by the district attorney and were granted by the court, and the partial withdrawals were made. The trial court found that "the primary purpose of the Government in moving for partial distribution only, so far as these two respondents were concerned, was a desire to protect the Government by holding in the registry of the court a portion of the fund to be available for refund to the Government in case the award should prove less than the amount deposited."

This method of requesting the district attorney to approve the withdrawals and to move for distributions accordingly was adopted by the attorneys for the former landowners for reasons not appearing of record, and what must be treated as their election to act in that way created no liability on the part of the government for interest on the unwithdrawn portions of the deposit. They were at liberty to move for the withdrawal of each entire deposit, and upon a showing that they were entitled to it could have obtained an order of the court to that effect whether the district attorney approved or disapproved. There is no merit in the contention that the district attorney misled the former owners by implying that he would object to their motion for distribution of a larger portion.

The court was not an agency of the government in any sense other than that of an impartial tribunal created and maintained by the Government, before which the district attorney would have represented but a party in interest having no greater standing or rights than those possessed by the former landowners. United States v. Dunnington, 146 U.S. 338, 351, 13 S.Ct. 79, 36 L.Ed. 996; United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55; United States v. Certain Lands in St. Louis, Mo., D.C.E.D.Mo., 41 F.Supp. 809. Until these landowners moved for the distribution of that portion which the district attorney was unwilling to have distributed upon his own motion and were denied their just rights by the court whose duty it was to make the order, they were not deprived of their right to take the remainder. So long as their option thus to take it continued open and unexercised, the statute expressly denied them interest upon it.

Judgment reversed.