Delores Meyer Blecha et al., Appellants, v. School District of Hebron, County of Thayer, Nebraska, Appellee.

112 N. W. 2d 783

Filed January 19, 1962. No. 35063.

J. L. Richards, for appellants.

W. O. Baldwin, for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Spencer, Boslaugh, and Brower, JJ.

Brower, J.

This is a proceeding brought by Delores Meyer Blecha and Charles A. Blecha, appellants and condemnees, to revive a dormant judgment obtained by them in a condemnation proceeding brought against them by the School District of Hebron, condemner.

There is no dispute as to the facts which are set forth in a stipulation of the parties. From this stipulation it appears that the appraisers appointed by the county court filed a report on March 10, 1953, assessing the damage to the condemnees on the taking at $4,150. The condemner school district accepted the report and on the same day paid into court for the benefit of the condemnees the full sum of $4,150, and court costs and appraisers' fees of $86.90.

The condemnees appealed to the district court and a trial was had resulting in a verdict of the jury for $4,350, and judgment was rendered therefor with 6 percent in-

terest from March 10, 1953, and costs of the action. A motion for new trial was filed by the condemnees and overruled on September 22, 1954. No appeal thereon to this court was taken thereafter.

On April 5, 1956, a journal entry of the judgment was prepared and filed by condemnees' attorney. A certified copy of the judgment was transmitted to the county judge by the clerk of the district court on July 6, 1956, and on October 27, 1956, the sum of $4,150 was received by the condemnees from the clerk of the district court.

On August 11, 1956, the condemner paid to the clerk of the district court for costs, interest, and principal the sum of $641.82, of which $53.85 was costs. No other payments have been made.

On April 5, 1961, the district court rendered judgment of revivor on condemnees' motion upon the stipulation of facts finding the condemnees entitled to judgment for $4,350, the amount of the jury's award, with interest from March 10, 1953, as provided by the original judgment. However, it credited upon this judgment $4,150, the amount on deposit with the county judge as of October 22, 1954, that being 1 month after overruling condemnees' motion for new trial, and $587.97 on August 11, 1956. It found this last payment lacked $157.28 of paying the judgment in full and rendered a judgment for that sum with 6 percent interest from August 11, 1956, in favor of the condemnees. This resulted in condemnees receiving no interest on the $4,150 deposited in court after October 22, 1954, when the original judgment became final.

From this judgment the condemnees, after their motion for new trial was overruled, have perfected an appeal to this court.

The only question before us is whether the district court erred in holding the deposit of $4,150 paid to the county judge on the award of the appraisers automatically became a payment on the district court judg-

ment when the time for appeal to the Supreme Court expired, resulting in the interest on the judgment being reduced pro tanto.

The statutes in regard to appeals from awards in the county court in condemnation proceedings, insofar as they are pertinent to the case before us, are the following: "The condemner shall not acquire any interest in or right to possession of the property condemned until he has deposited with the county judge *for the use of the condemnee* the amount of the condemnation award in effect at the time the deposit is made. * * * If an appeal is taken from the award of the appraisers and the condemnee obtains a greater amount than that allowed by the appraisers, the condemnee shall be entitled to interest from the date of the deposit with the county judge at the rate of six per cent per annum on the amount finally allowed. Upon deposit of the condemnation award with the county judge, the condemner shall be entitled to a writ of assistance to place him in possession of the property condemned." § 76-711, R. R. S. 1943. (Emphasis ours.)

"After rendition of final judgment in the district court on the appeal, a certified copy thereof shall be prepared and transmitted by the clerk of the district court to the county judge." § 76-718, R. R. S. 1943.

In the original judgment of the district court rendered on September 10, 1954, the court allowed interest on the full amount of the verdict of the jury from the original taking in county court in harmony with the holdings of this court, where the verdict is greater than the award of the appraisers. Langdon v. Loup River P. P. Dist., 142 Neb. 859, 8 N. W. 2d 201.

It becomes necessary in determining the question before us to make inquiry into the nature of the deposit in county court. Section 76-711, R. R. S. 1943, states it is "for the use of the condemnee." In discussing the same matter this court, in Langdon v. Loup River P. P. Dist., 144 Neb. 325, 13 N. W. 2d 168, said: "As stated

in Central Nebraska Public Power and Irrigation District v. Fairchild, 126 Fed. 2d 302: 'When it makes its payment into court the amount of such payment constitutes a fund which must be deemed a substitute to the owners for the land of which they have been deprived and for their damage.' "

If this deposit constituted a fund substituted for the land condemned and was for the use of the condemnees it was certainly intended by the Legislature to be available to them for payment on the judgment when the action was finally determined.

Section 76-718, R. R. S. 1943, directs the clerk of the court to prepare and transmit to the office of the county judge a certified copy of the final judgment of the district court on appeal. It provides that this be done after the "rendition of the final judgment." This court has held that a judgment is rendered when the court makes its decision upon the law and the facts in controversy. Sloan v. Gibson, 156 Neb. 625, 57 N. W. 2d 167. Though the clerk might have certified the result of the case as set out from the trial docket it may be doubtful whether this section in speaking of a certified copy contemplated that it be done in that manner. Usually a certified copy is made from the formal judgment. It is not necessary however for us to decide the question at this time.

The condemnees contend that they were entitled to interest on this fund of $4,150 on deposit for a longer period than the trial court granted. They do not point out clearly just how much longer, but imply interest should run until they actually receive the deposit or at least until the clerk actually certifies the judgment to the county court. They apparently contend it was the duty of the condemner to procure its delivery either to them or to the district court.

The judgment was in favor of the condemnees. The condemnees' attorney prepared the journal of the court's judgment and filed the same therein on April 5, 1956.

The clerk delayed certifying it to the county court until July 6, 1956. The condemnees received this money on October 27, 1956. It would seem the attorney for the condemnees could have journalized the judgment at any time and procured the money thereafter by prompting either the clerk or county judge. Apparently there were no steps taken and no efforts made to collect it, either before or after the clerk's certified copy was sent to the county judge. In such a situation we cannot think that condemnees could collect more interest by simply waiting and doing nothing on the theory that it was the condemner's turn to act.

In most proceedings in condemnation by the United States in federal courts, the condemnees may withdraw from the registry of the court at least a part of the deposits of the United States before final adjudication. In such circumstances the federal courts have ruled that no interest is recoverable on such amounts after they are subject to withdrawal. Disputes have arisen in such cases as to the responsibilities of the parties and their counsel in preparing orders which appear to be necessary for the withdrawal. In the case of Southern Amusement Co. v. United States, 265 F. 2d 34, the court said: "The other point argued by appellant is that the trial court erred in declining to allow appellant interest on the amount deposited in court from October 9, 1956, through the date of the verdict, January 10, 1958. This argument is predicated entirely on an exchange of letters which took place in September and October, 1956, in which the United States Attorney wrote appellant's attorney that it was his purpose to draw an order, within about one week of October 2nd, that the money deposited be turned over to appellant. The United States Attorney did not prepare the order and neither did the attorney for the appellant, so that the money lay in the depository of the court for more than a year because no order was presented to the court for its withdrawal.

"While it is unfortunate that the United States Attor-

ney failed to perform the courtesy offered in his letter, the money was there subject to withdrawal at any time and appellant has no one to blame but himself that this interest was lost. At all events, the United States cannot be held liable for this interest."

The foregoing case cites United States v. Certain Parcels of Land, 151 F. 2d 116, to the same effect.

In the case here under discussion it appears the money on deposit belonged to the condemnees on the judgment in the district court becoming final. It could have been obtained by them with little effort through the clerk of the court at any time on application of counsel. A month elapsed after overruling the motion for new trial before the judgment became final. During that time condemnees' attorney could have prepared journals which the clerk could have certified at once on request. There is no showing that any such request was made.

We conclude that the deposit in county court in condemnation provided for in section 76-711, R. R. S. 1943, is to be paid to the condemnees on a final judgment entered on appeal in excess of the award in county court, and if the condemnees fail to use ordinary diligence to procure the same it should be deemed credited on the judgment as of the date of its becoming final and the interest on the judgment reduced accordingly.

There is no dispute as to the correctness of the amount of the judgment on revivor finding $157.28 with interest thereon from August 11, 1956, still unpaid if the credit of the $4,150 is made thereon as of the date the judgment became final.

We find no error in the judgment of the trial court and the same is affirmed.

AFFIRMED.