WILMINGTON HOUSING AUTHORITY, a public body corporate and politic, organized and existing under the laws of the State of Delaware, Plaintiff Below, Appellant, v. NOS. 401, 403, 405 EAST SEVENTH STREET, GEORGE S. HURLOCK, et al., Defendants Below, Appellees.

(*November* 8, 1963.)

WOLCOTT and CAREY, Justices, and SEITZ, Chancellor, sitting.

*Thomas Herlihy, Jr.*, and *Morris Cohen* for appellant.

*Oliver V. Suddard* and *Richard Allen Paul* (of Wise and Suddard) for appellees.

*Daniel L. Herrmann* (of Herrmann, Bayard, Brill and Russell) for State Highway Department, amicus curiae.

Supreme Court of the State of Delaware, No. 23, 1963, and No. 35, 1963.

CAREY, Justice.

Appellant filed a condemnation proceeding in Superior Court on August 29, 1959 against three properties

owned by appellees. In May 1961, appellant moved for immediate possession and deposited in Court the sum of $32,000 pursuant to T. 10 *Del. C.* § 6110. The motion was granted shortly thereafter giving the condemnor the right to take possession on July 17, 1961. Although the statute permits the Court, on application of any party in interest, to pay the deposit to the owners, no such application was filed prior to trial. The record contains nothing to indicate the existence of any reason why the Court would not have permitted the withdrawal; likewise, the record contains no explanation of why an application for withdrawal was not filed. Trial was held in May 1962 and resulted in a total award of $40,000.

The present dispute concerns only the matter of interest. Appellees contend that interest must be paid on the entire award from the date of possession (July 17, 1961) to the date of payment. Appellant contends that interest should be paid only on the sum of $8000, this being the difference between the award and the deposit.

Two sections of the Delaware Condemnation Statute are involved. They are § 6110 and § 6113 of Title 10 which read as follows:

"§ 6110. (a) At any time after the filing of any condemnation proceeding under this chapter, the plaintiff, upon the filing of a notice of intention to take possession of the property sought to be condemned, or any part thereof, on a day therein specified, and upon deposit in court of the sum of money estimated by plaintiff to be just compensation for the property or the part thereof taken, has the right to enter into possession, occupy or take the property from and after such day, upon entry of an appropriate order by the court, which order may be made ex parte and without notice.

"(b)   Upon application of any party in interest, the court may order the money so deposited in court, or any part thereof, be paid forthwith for or on account of just compensation to be awarded in the proceeding and such payment shall not jeopardize any party's right to prove just compensation in a greater or less amount. If the compensation finally awarded to any defendant exceeds the amount paid to him on distribution of the deposit, the court shall credit the payment to the final award and if the compensation finally awarded to any defendant is less than the amount which has been paid to him, the court shall enter judgment against him in favor of the plaintiff for such over-payment.

"(c)   In any case where possession has been so taken the obligation of the plaintiff to pay the amount ultimately determined as just compensation in the cause shall be absolute. Title shall vest in plaintiff on the date of payment of the final award."

"§ 6113.   In the event no review of a condemnation cause is taken, the plaintiff or plaintiffs may pay or tender the amount of the award within two months after the entry of the confirmed award of the Superior Court, and in the event a review to the Supreme Court is taken, plaintiff or plaintiffs may pay or tender the amount thereof within one month of the entry of any final award entered pursuant to the mandate of the Supreme Court. Interest shall accrue on the award from the date of taking possession or from the date of the award, whichever first occurs."

The latter section was interpreted by the Superior Court as requiring the payment of interest on the full amount of the award from the date of possession to date of payment where the deposit was not withdrawn by the owners before trial. See Del.Super., 189 A2d. 421. The

Court felt first, that the words "on the award" in § 6113 could only refer to the entire award; and, secondly, that the Legislature must have intended this result when it adopted the substance of the Federal Statute (40 U.S.C.A. § 258a) but omitted that part which states that interest shall not be allowed on the moneys paid into Court. We find ourselves in disagreement with that holding.

It is suggested to us that the last sentence of § 6113 is plain and needs no interpretation, and that it requires payment of interest on the full amount of the award. § 6113 contains two sentences, both of which speak of the final "award". There is no reason to believe that this word was used in any different sense in one sentence as contrasted with the other. If the first sentence be read literally, that is, if the word "award" be read as meaning the total amount of the final award, a rather ridiculous situation could come about—one which quite obviously was never intended by the Legislature. Under that reading a condemnor would be obliged to pay or tender the full amount of the final award even though the condemnee had previously received a portion of his compensation by accepting an earlier deposit under § 6110. Of course, this cannot be, because § 6110 directs that the amount received by the condemnee from the deposit shall be credited against the final award, if the latter exceeds the former. Clearly, therefore, the first sentence of § 6113 was not meant to be applied strictly literally; the word "award" in that sentence must be qualified to mean "balance of the award" in order to give effect of § 6110 whenever the situation requires such modification.

As indicated above, we doubt that the Legislature intended this word to mean anything different in the second sentence that it means in the first sentence. In fact, if the second sentence be interpreted strictly literally, the result would be that the condemnor, being required to

pay interest on the full award from the date of possession, would be obliged to pay interest on a deposit actually withdrawn by the condemnee. We cannot believe that the Legislature intended such an inequitable result. Interest in condemnation cases is allowed in order to make sure that the owner receives full compensation. Statutes therefore frequently require interest as a means of compensating him for loss. *United States v. Certain Land in City of St. Louis,* D.C., 41 F.Supp. 809, affirmed *O'Donnell v. United States,* 8 Cir., 131 F.2d 882. If he actually receives all of his money at the time he loses possession, there is no loss to be paid for by interest; if he receives a part of his money at that time, his loss is thereby reduced and it is only equitable that the interest be proportionately diminished.

We point out that the foregoing statement applies solely to the facts before us in this cause. Different questions and possibly different results might flow from other circumstances. We refer, for example, to the situation where the Superior Court might award possession ex parte without requiring notice to the owner, or the case where a petition for possession is filed but action thereon is delayed because the owner contests the condemnor's right to condemn the property.

In the present case, of course, the appellees did not actually receive the money and the real question before us is whether they are entitled to interest on the amount deposited in 1961 when, so far as we know, there was no reason why the Court would have refused an application to withdraw it. In 1 Orgel on Valuation under Eminent Domain (2nd Ed.) 32, we find this language, which is amply supported by the cases cited therein:

"A tender of the amount of compensation will, of course, stop the running of interest. But a deposit of the

amount of compensation in court is not necessarily a tender. Sometimes it is merely a guaranty or pledge that the condemner will pay the amount ultimately decided to be due. The condemner usually makes the deposit under a statute which requires the deposit as a condition precedent to the condemner's taking possession. The amount deposited is often withheld from the owner, who is thus deprived of the use of it. In some cases, the owner cannot secure the deposit without giving up his right to appeal and thus surrendering the possibility of an increased award. In these situations, the courts have held that interest continues to run. Where the owner has the option of accepting the deposit or seeking a higher award by appeal, his right to interest on the entire award from the date of deposit will depend on whether he is successful on the appeal. If he is successful on appeal, the deposit is not a true tender since it is less than the amount due. In some jurisdictions, the deposit is considered to belong to the owner, who has the right to withdraw it, whether he appeals or not. If the owner does not take the deposit, he is limited to whatever interest it earns in the hands of the court. And if, on appeal, he obtains an award larger than the deposit, he may receive from the condemner interest only on the excess from the date when the deposit was made."

Under the Delaware statute, the deposit is obviously not a mere guarantee or pledge for payment of the ultimate amount. Moreover, at least when the case has advanced beyond the stage of challenging the right to condemn (T. 10 *Del. C.* § 6110(b)), the statute makes it plain that the owner by withdrawing the deposit is deprived of no rights of appeal or of proving a greater amount of compensation, nor is the condemnor barred from showing a lesser amount. As pointed out in *Atlantic Coast Line R. Co. v. United States*, 5 Cir., 132 F.2d

959, the money deposited is neither offered nor accepted as full payment and is, therefore, not a true tender in the usual sense of that word. The condemnee can withdraw it, however, if the Court consents and it is then a credit on the final award. It is hard to visualize a case where the Court would refuse the owner's petition to withdraw except where there is doubt about the petitioner's title or share or where there are liens. If the Court should deny the petition for some such reason, why should the condemnor be penalized? The proceeding is in rem, the condemnor has possession and cannot discontinue the action ex parte, and it is bound to pay the full amount of the final award. If withdrawal should be denied because of some interest of the condemnor,—a situation hard to conceive—we would have a case completely different than exists here. In the ordinary case, after making the deposit, the condemnor no longer has any real interest in it. If it knows of some defect of title or other reason why the petition should be denied, it would undoubtedly call the facts to the attention of the Court; having done so, it no longer has any concern. Under the circumstances here present, we see no reason why the condemnor should be penalized simply because the owners failed to ask promptly for withdrawal.

As suggested above, it is our belief that the word "award" in the second sentence of § 6113 was intended to have the same meaning which it obviously has in the first sentence. The Federal statute, supra, specifically provides that interest should not be allowed on the amount of the deposit. Notwithstanding that express language, it has been held that if part of the deposit is retained in Court on application of Government, interest is payable on the amount thus retained. *United States v. 53 1/4 Acres of Land*, 176 F.2d 255. This action is in harmony with what we have previously said. Two Federal cases

were cited by the Court below, namely: *Nitterhouse v. United States*, 3 Cir., 207 F.2d 618 and *Thibodo v. United States*, D.C., 134 F.Supp. 88. Both of them point out that the owner does not have an absolute right to the deposit but must show to the Court that he has a clear title free of liens; that the owner is under no obligation to ask for it promptly; and that it cannot be treated as taxable income until such time as he does ask for it and get it. We have no criticism of these cases but we think they have little bearing on the present question. The issue in them was whether the owner had to pay income tax on the deposit which he had not withdrawn; the Courts merely held that it is not income until he receives it. That is a question of no concern whatever to a condemnor; furthermore, it does not necessarily follow that the owner ought to receive interest on the money, certainly when he can show no reason for his failure to ask for its withdrawal.

It is true that the Delaware statute as a whole follows the same general procedures as are laid down in Federal Rule 71A and the Federal statute cited above. It must be remembered, however, that our Legislature did not adopt the Federal Laws verbatim but merely adopted the same general scheme. There are differences. We think, therefore, that the principle pertaining to interpretation of adopted statutes should not be given that force and effect which it would have in a situation where our Legislature has adopted the statute of another State verbatim, but leaves out one provision.

It is our conclusion that a condemnee was not intended to receive interest on that part of the final award previously paid into Court but not withdrawn by him, *St. Louis, O. H. & C. Ry. Co. v. Fowler*, 113 Mo. 458, 20 S.W. 1069; *Housing Authority of City of Dallas v.*

*Shambry,* Tex.Civ.App., 252 S.W.2d 963; *Blecha v. School District,* 173 Neb. 183, 112 N.W.2d 783; this is true, at least, where the owner makes no effort to withdraw the deposit and shows no reason for not having attempted to do so. The judgment of the Court below must accordingly be reversed.