Herbert M. AMES and Lillian J. Ames, his wife et al., Defendants Below, Appellants,

v.

**WILMINGTON HOUSING AUTHORITY,** Plaintiff Below, Appellee.

**WILMINGTON HOUSING AUTHORITY,** Plaintiff Below, Appellant,

v.

Herbert M. AMES and Lillian J. Ames, his wife et al., Defendants Below, Appellees.

Supreme Court of Delaware.

Sept. 11, 1967.

James M. Tunnell, Jr., of Morris, Nichols, Arsht & Tunnell, and William D. Bailey, Jr., of Bayard, Brill & Handelman, Wilmington, for defendants.

Thomas Herlihy, Jr., and Morris Cohen, Wilmington, for plaintiff.

WOLCOTT, C. J., DUFFY, Chancellor, and McNEILLY, J., sitting.

WOLCOTT, Chief Justice:

These are appeals from an order of the Superior Court directing that interest upon a condemnation award be paid from the date of entry of the mandate of this Court following an appeal from the award; that interest be paid at the rate of 6%, and that no set-off for possession of the land against interest will be allowed. The landowners appeal, seeking review of the date for the commencing of interest payments. The Housing Authority, the condemnor, appeals, seeking review of the rate of interest to be paid, and of the disallowance of any set-off. The two appeals were consolidated.

The landowners were awarded on June 25, 1965 the sum of $432,135.00 by a Condemnation Commission. On July 6, 1965,

the Housing Authority paid into court the sum of $141,300.00 on account of compensation, which sum, on July 16, 1965, was paid over to the landowners. On August 5, 1965 the Superior Court awarded possession of a portion of the land to the Housing Authority, the landowners remaining in possession of the balance.

The Housing Authority appealed from the confirmation of the award. On appeal this Court affirmed the award (Wilmington Housing Authority v. Parcel of Land, Del., 219 A.2d 148), and our mandate was received in the Superior Court on April 20, 1966. On August 19, 1966 the Housing Authority paid the balance of the award into the Superior Court. The only question remaining, therefore, is as to the additional amount, if any, to be paid as interest on the award.

We consider first the question of the date on which interest first becomes payable. The question presented is one of statutory construction. The statute involved is 10 Del.C. § 6113, which reads as follows:

"In the event no review of a condemnation cause is taken, the plaintiff or plaintiffs may pay or tender the amount of the award within two months after the entry of the confirmed award of the Superior Court, and in the event a review to the Supreme Court is taken, plaintiff or plaintiffs may pay or tender the amount thereof within one month of the entry of any final award entered pursuant to the mandate of the Supreme Court. Interest shall accrue on the award from the date of taking possession or from the date of the award, whichever first occurs."

The Housing Authority argues that the effect of § 6113 is to start the running of interest upon the date when that amount has become final. In this case it is said that date is the date when the mandate of this Court, which of course makes the amount final for all purposes, is received in the Superior Court. The landowners, on the other hand, argue that the effect of § 6113 is to fix the date for the commencement of interest as the date of the Condemnation Commission's award to be computed upon whatever amount is finally fixed as the amount of the award.

The Superior Court held that interest should commence to run from the date of this Court's mandate for the reason that to hold otherwise would require the payment of the amount of the Commission's award irrespective of any subsequent modification of it.

■ We agree that § 6113 does not require the payment of the Commission's award when the amount of that award is the subject of review by either the Superior Court or this Court, but we think that fact has no bearing upon the question of at what time interest on the award starts to run.

■ We agree that the word "award" in the first sentence of § 6113 refers to the confirmed award of the Superior Court and to the final award as fixed by this Court on appeal. The first sentence, however, refers only to the time of payment of the principal amount of the final award, and is intended to supply an orderly procedure to effect that end.

The payment of interest is provided for by the concluding sentence of § 6113. To be sure, the use of the word "award" must necessarily contemplate the final award as fixing the principal amount to be paid, but it does not necessarily follow that the General Assembly intended to postpone the running of interest until the date that amount has been determined finally. We think the two sentences of § 6113 are independent and relate to two different subjects, one the fixing of the principal amount due, and the other the allowance of interest as part of just compensation.

■ The allowance of interest upon a condemnation award is made to insure that the owner receives full compensation. Wilmington Housing Authority v. Nos. 401, 403, 405 E. 7th Street, Del., 195 A.2d 392. To insure full compensation, interest must

be allowed over the period following the award until payment. We think the General Assembly recognized this and has provided specifically for it by fixing the date as either the taking of possession or the Commission's award, whichever first occurs. The fear that the fixing of this date will somehow compel the payment of the Commission's award even though ultimately it may be reduced, we think, is to start at shadows. Obviously, no interest will be paid until review proceedings are completed, and then only upon the finally determined amount.

■ Next, the Housing Authority argues that the rate of interest to be allowed should be the normal commercial rate, and that a hearing should be had to determine that rate. However, the General Assembly has treated a condemnation award as a species of civil judgment. By 10 Del.C. § 6112, it provided for a right of review "in the manner provided for review of any other final civil judgment of the Superior Court." Indeed, we think it probably indisputable that a condemnation award is in fact a civil judgment. Since the rate of interest on civil judgments of the Superior Court is 6%, we see no reason to rule otherwise.

Finally, the Housing Authority argues that the rental value of the portion of the premises of which the landowners retained possession should be allowed as a set-off against any interest allowed. In effect, the Housing Authority argues that the retention of possession and the receipt of interest on the award during the period of possession is to give the landowners double compensation.

■ 10 Del.C., Ch. 61, the Condemnation Statute, provides in § 6113 for the payment of interest on awards and nowhere provides for the diminution of the interest by reason of the landowner's continued possession. Its meaning is clear to that effect and, that being the case, the courts must give effect to the exact meaning conveyed by the language of the statute. Federal United Corporation v. Havender, 24 Del.Ch. 318, 11 A. 2d 331. This result follows even though the

courts may disagree with the policy established by the statute, for the General Assembly and not the Judiciary is the declarer of the public policy of this State.

■ Since, therefore, the statute allows interest from the date of the award, and makes no provision for its diminution as a result of possession, it follows that no set-off of the value of possession against interest may be allowed. This may, as the Housing Authority suggests, result in compensation somewhat above just compensation, but it is not necessarily so. Even though in possession, the landowner is restricted in his use of the land as a result of the pendency of the condemnation proceedings. He is allowed nothing for the cost of vacating the land and moving his business to another location. These considerations may well have influenced the General Assembly to allow interest and to make no provision for its diminution. In any event, they are of sufficient weight, we think, to uphold the allowance of interest and the disregard of the value of continued possession.

The Housing Authority has cited to us numerous cases from other jurisdictions allowing a set-off against interest. These cases, however, are not in point for in none of them was there a statutory provision directing the payment of interest during continued possession. All of them were decided under constitutional provisions requiring the payment of just compensation. As such, they are unpersuasive in a case to be decided under a specific statutory direction to pay interest.

A mandate will issue in the landowners' appeal (No. 21, 1967) reversing the order fixing the date from which interest shall begin to run as the date of this Court's mandate in the first appeal, and directing that such interest shall be computed from the date of the Commission's award.

A mandate will issue in the Housing Authority's appeal (No. 22, 1967) affirming the order allowing interest at the rate of 6% and disallowing the set-off.