The STATE of Delaware, upon the Relation of the STATE HIGHWAY DEPARTMENT, Plaintiff Below, Appellant,

v.

14.69 ACRES OF LAND, MORE OR LESS, 31.09 Acres of Land, More or Less, Situate in Brandywine Hundred, New Castle County and State of Delaware, Marion L. Rentz and Harry E. Rentz, Jr., her husband, and Ernest Lodge Vail and Unknown Owners, Defendants Below, Appellees.

Supreme Court of Delaware.

July 17, 1968.

Reargument Denied Aug. 8, 1968.

Aubrey B. Lank, of Theisen & Lank, Wilmington, for appellant.

Donald W. Booker of Booker, Leshem, Green & Shaffer, Wilmington, for Marion L. Rentz and Harry E. Rentz, Jr.

Harvey Porter, Wilmington, for Franklin G. Banks, Guardian for Ernest Lodge Vail.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal by the State Highway Department from judgment awarding interest upon a condemnation award. The Department seeks a modification of the date for the commencement of the running of interest.

On August 8, 1965, the Department filed an action to condemn 45.78 acres out of a tract of 60 acres of land in Brandywine Hundred. On August 11, 1965, it deposited, pursuant to 10 Del.C. § 6110, the sum of $274,140.00 as estimated just compensation for the land sought to be taken, and sought an order of possession under 10 Del.C. § 6110.

The landowners objected to the taking of any land in excess of 14.69 acres on the ground of lack of public necessity. An order was entered granting the Department possession of the 14.69 acres. The landowners moved for summary judgment, denying the Department the right to take the excess 31.09 acres and the right to. deny access from that land to Harvey Road. Summary judgment was granted and the Department appealed to this Court. We reversed, State ex rel. State Highway Dept. v. 14.69 Acres of Land, 226 A.2d 828, holding that the Department may condemn a right-of-access, and that when the denial of access would require the payment of the value of the whole as just compensation, the Department may condemn the whole, including the excess. Our mandate went down on February 20, 1967.

On April 14, 1967, an order was entered, granting possession of the 31.09 acres to the Department. Following a trial before Condemnation Commissioners on December 20, 1967, the following award of just compensation was made:

| For the 14.69 acres | $266,525.00 |
|---|---|
| For the 31.09 acres | $102,597.00 |
| Total | $369,122.00 |

Following the first order of possession, the landowners applied to withdraw from the deposit of $274,140.00 the sum of $88,140.00. From the petition of withdrawal, it appears that this amount was arrived at by the owners, themselves, on the basis of a value of $6,000.00 per acre for the 14.69 acres. On July 1, 1966, the withdrawal of $88,140.00 was permitted.

Following receipt of the mandate of this Court, the landowners, on April 14, 1967, were permitted to withdraw the balance of the deposit, $186,000.00.

The payment of interest on a condemnation award is provided for by 10 Del.C. § 6113, as follows:

"In the event no review of a condemnation cause is taken, the plaintiff or plaintiffs may pay or tender the amount of the award within two months after the entry of the confirmed award of the Superior Court, and in the event a review to the Supreme Court is taken, plaintiff or plaintiffs may pay or tender the amount thereof within one month of the entry of any final award entered pursuant to the mandate of the Supreme Court. Interest shall accrue on the award from the date of taking possession or from the date of the award, whichever first occurs."

The Superior Court allowed interest as to the award for 14.69 acres from September 17, 1965, the date of taking possession, on the amount of the award, $266,525.00, less the amount of $88,140.00 withdrawn by the landowners. With respect to the award as to the 31.09 acres in the amount of $102,597.00, a credit was given the Department of interest from April 14, 1967 on $83,403.00, that being the difference between the amount of the award and the amount of $186,000.00 actually withdrawn on April 14, 1967. The net interest held to be due on January 8, 1968 was $20,007.98. The landowners seek to uphold this computation in this appeal.

The Department argues that interest should be allowed from April 14, 1967 only on the difference between the total amount of the award, $369,122.00, and the total amount withdrawn, $274,140.00, or $94,-982.00. On this basis, the interest due the landowners on January 8, 1968 was $4,176.-58.

■ Interest in condemnation cases is allowed the landowner to insure that he receives full compensation for the taking of his property. Wilmington Housing Authority v. Nos. 401, 403, 405 E. 7th Street, Del., 195 A.2d 392; Ames v. Wilmington Housing Authority, Del., 233 A.2d 453. In Housing Authority v. Nos. 401, 403, 405, we held that a withdrawal of all or part of the deposit at the time of taking did not deprive the owner of his right of review, and further, that the failure to withdraw the deposit stopped the accrual of interest. We pointed out that the condemning Authority may not be penalized by the imposition of interest on money the landowner elected not to withdraw.

■ The problem presented by this appeal is basically one of arriving at a fair result. Two considerations are presented which must be balanced to reach that result. The first is that the Department may not be penalized by the accrual of interest for a period during which it has been denied possession by reason of the owner's contest of its right to condemn. The second is that the owner may not be penalized by denial of interest for his good faith contest of the right to take, since to do so would be to restrict and impede his right to contest the taking.

On September 17, 1965, the Department having deposited in court $274,140.00 as its estimate of value for the entire tract, sought possession of the 45.78 acres. As a matter of fact, by reason of the owners' objection, it was granted possession at that time of only the 14.69 acres. However, at the subsequent trial, it appeared from the testimony of the Department's appraisers that the Department allocated not less than $214,000.00 as damages for the taking of the 14.69 acres.

Presumably, the Department could not have objected validly to the withdrawal by the landowners of that portion of the deposit representing the Department's own assessment of just compensation for the taking of the 14.69 acres, although, undoubtedly, the Department would have objected to the withdrawal of the balance of its deposit until its right to take the excess lands had been determined.

The landowners object that the Department's figure for the 14.69 acres did not appear until the subsequent trial, but we

think that to be immaterial for the reason that the Department obviously was relying upon its appraisers' opinions when it made the initial deposit; and if the owners had sought to draw more of the deposit, we think the Department would have been obliged at that point to accede to the withdrawal of that part of the deposit it had apportioned to the 14.69 acres.

The court below assumed that there was a reasonable relationship between $88,140.-00 and just compensation for the 14.69 acres based on the owners' figure of $6,-000.00 per acre. The difficulty is that there is no support in the record for this assumption.

█ It follows, therefore, that on September 17, 1965, when the Department acquired possession of the 14.69 acres, the landowners, in all probability, could have withdrawn up to $214,000.00 from the amount on deposit. They should at least have made application to that end. The failure to do so, and the owners' choice to limit the withdrawal to $88,140.00 for the 14.69 acres, may not be permitted to penalize the Department. It was error, therefore, to allow interest on the difference between $214,000.00 and $88,140.00 for any period after September 17, 1965.

We think, therefore, the interest formula must be altered. We are of the opinion that the following will accomplish a just result and give due consideration to the two factors we have mentioned.

We will remand with instructions to modify the judgment, and award interest on (a) $52,525.00, the difference between $214,000.00, the sum presumably available for withdrawal on the 14.69 acres, and $266,525.00, the final award for that portion, from September 17, 1965, the date of the initial taking, to April 14, 1967, the date of the withdrawal of $186,000.00, and (b) $94,982.00, the difference between the total award of $369,122.00 and the total withdrawal of $274,140.00 from April 14, 1967, the date of possession of the remaining portion, to the date of final payment.