Oliver Andrew HOFSTAD and Sarah Angelette Hofstad, Appellants,

v.

STATE of Alaska, Appellee.

No. S-2048.

Supreme Court of Alaska.

Nov. 18, 1988.

Fred W. Triem, Petersburg, for appellants.

William F. Cummings, Asst. Atty. Gen., Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON, and MOORE, JJ.

## FACTS

MATTHEWS, Chief Justice.

On May 20, 1983, the State of Alaska filed a complaint against Oliver Hofstad, Sarah Hofstad, and the City of Petersburg, seeking to take, by eminent domain, property owned by the Hofstads in Petersburg. The state also filed a declaration of taking, and deposited $27,900 into the registry of the court. The Hofstads filed an answer and counterclaim on June 16, 1983. On July 13, 1983, the state sent to the Hofstads a stipulation for disbursement of the funds. This stipulation required the signature of a representative of the City of Petersburg acknowledging that the city had no claim against the condemned premises. The Hofstads did not return the stipulation to the state until January 3, 1984.

In September 1985, the Hofstads and the state stipulated to a settlement of the case. The parties agreed that $30,450 should be paid as just compensation for the taking of the property. The state also agreed to pay certain sums of interest on the award. The parties disagreed, however, as to whether the state should be required to pay interest on the amount of the state's initial deposit of $27,900 for the period from June 16, 1983 through January 3, 1984.

On November 8, 1985, the Hofstads moved for an award of interest on the sum that was deposited by the court. The Hofstads argued that the state should have informed them of their right to withdraw funds without prejudice. In addition, the Hofstads argued that the state's refusal to comply with certain discovery requests impeded their ability to withdraw the funds. The trial court ruled that the "delay of

withdrawal of funds was solely due to actions of the Hofstads, and not the state, [and therefore the Hofstads are not entitled to] interest during the period in question."

### DID THE TRIAL COURT ERR IN REFUSING TO ALLOW PREJUDGMENT INTEREST ON THE FUNDS DEPOSITED BY THE STATE WITH THE COURT AS ESTIMATED JUST COMPENSATION?

The Hofstads make three arguments as to why they are entitled to prejudgment interest on the amount deposited with the court. First, they argue that they were not free to withdraw the funds because the state did not send the stipulation regarding the release of the funds until July 13, 1983, and that the stipulation required a release from the city. Second, they argue that AS 09.55.440 does not allow risk-free withdrawal of funds because it requires a condemnee to return funds plus interest if the final award by the court is less than the amount withdrawn. Finally, the Hofstads argue that the state's failure to furnish discovery prejudiced them, and prevented them from making an informed decision with regard to the withdrawal of the funds. Each of these arguments lacks merit.

In *Russian Orthodox Catholic Church of N. Am. v. Alaska State Hous. Auth.*, 498 P.2d 737 (Alaska 1972), we discussed the payment of interest on funds deposited with the court: "In situations where the failure to withdraw funds on deposit in the registry of the court is attributable to the delay of the property owner, no interest should be allowed on the portion of the award so deposited." *Id.* at 743. We then cited, in a footnote, two cases in which the failure of the property owner to apply for

the withdrawal of funds on deposit was held to constitute a delay attributable to the property owner and eliminated the right to interest. *See Atlantic Coastline Rail Co. v. United States*, 132 F.2d 959, 962–63 (5th Cir.1943); *United States v. 0.45 Acres*, 151 F.2d 114 (2nd Cir.1945).

■ The Hofstads did not make a motion to withdraw the deposited funds as allowed by AS 09.55.440(b).[1] The Hofstads' failure to make such a motion constitutes a delay attributable to them, and therefore no interest is payable on the amount deposited by the state.

■ The Hofstads first argue that they were not free to withdraw the funds because the state did not send its stipulation for release of the funds until July 13, 1983, and that that stipulation required a release from the city. This argument lacks merit. Alaska Statute 09.55.440(b) allows a party to make a motion to the court for withdrawal of funds on deposit.[2] The Hofstads could have made this motion any time after making an appearance in the case. Thus, it was unnecessary for the Hofstads to wait for the stipulation from the state prior to withdrawing funds.[3] As the Hofstads never made a motion pursuant to AS 09.55.440, any delay in withdrawal is attributable to them and the timing with regard to the state's stipulation is irrelevant.

■ The Hofstads next argue that AS 09.55.440 does not allow a risk-free withdrawal of funds. Alaska Statute 09.55.-440(b) requires that if the actual amount awarded as just compensation is less than the amount withdrawn, then the condemnee must pay back the excess to the state. The Hofstads argue that this may put the condemnee in "double jeopardy:"

1. Alaska Statute 09.55.440(b) provides:
   Upon *motion of a party in interest and* notice to all parties, the court may order that the money deposited or a part of it be paid immediately to the person or persons entitled to it for or on account of the just compensation to be awarded in the proceedings. If the compensation finally awarded exceeds the amount of money deposited, the deposit shall be offset against the award. If the compensation finally awarded is less than the amount

of money deposited, the court shall enter judgment in favor of the plaintiff and against the proper parties for the amount of the excess.

2. *See supra* note 1.

3. The Hofstads do not argue that their failure to make a motion under AS 09.55.440 was in reliance on the state's sending the stipulation.

If the condemnee withdraws the deposited money and the court enters a judgment that just compensation is less than the state has estimated (and deposited); the condemnee will have to repay the excess to the state (plus interest). A more prudent course is to leave the money on deposit until a final order fixes the exact amount of just compensation.

This argument also lacks merit. If the condemnee is truly concerned about having to pay an excess back to the state, it is free to withdraw the funds on deposit and place them in an interest bearing account. In this way, if the condemnee is required to pay such an excess, the funds will be readily available.

Finally, the Hofstads argue that the state's failure to furnish discovery prejudiced the Hofstads and prevented them from making an informed decision with regard to withdrawal of the funds. The Hofstads argue that without the requested discovery they were unable to determine if it was prudent to withdraw the funds. The Hofstads are again incorrect. First, the Hofstads did not seek formal discovery from the state until April 1984, several months after the Hofstads actually had withdrawn the deposited funds. Second, the state's failure to respond to the Hofstads' informal discovery requests did not prejudice the Hofstads. As previously discussed, the Hofstads could have withdrawn the funds and placed them in an interest bearing account. Then, if it turned out the amount withdrawn exceeded the actual award, they would have the excess readily available. Thus, it was unnecessary for the Hofstads to assess the value of the land prior to withdrawal of the funds and the state's failure to respond was not prejudicial.

## CONCLUSION

The Hofstads are not entitled to interest on the amount of funds deposited by the state with the court. The Hofstads were free to make a motion to the court to withdraw the funds pursuant to AS 09.55.-440. Because they did not do so, any delay is attributable to them and no interest is payable on the amount deposited.

AFFIRMED.