# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

The STATE of Delaware, UPON the RELATION OF the SECRETARY OF the DEPARTMENT OF TRANSPORTATION, )

    Plaintiff,

    v.

PITB, LLC, a Delaware Limited Liability Company, 185, 651.4503 Square Feet (4.262 Acres) of Land; All of Tax Map and Parcel Number 235-8.00-83.00 Situate in Broadkill Hundred,

    and

Stafford Street Capital, LLC, a Delaware Limited Liability Company; 11,000.00 Square Feet (0.2525 Acres) of Number 235-8.00-83.00 Situate in Broadkill Hundred,

    Defendants.

C.A. No. S21C-07-016 MHC

## ORDER

Submitted: June 3, 2025
Decided: August 20, 2025

### Plaintiff's Filing Regarding Accrual of Interest

Bradley S. Eaby, Esq., Deputy Attorney General, Department of Justice, 800 South Bay Road, Dover, Delaware 19901, *Attorney for Plaintiff DelDOT*

John W. Paradee, Esq., and Mark Denney, Esq., Baird Mandalas Brockstedt & Federico LLC, 6 South State Street, Dover, DE 19901, *Attorney for Defendant PITB, LLC*

Richard A. Forsten, Esq., and Pamela J. Scott, Esq., Saul Ewing LLP, 1201 Market Street Suite 2300, Wilmington, DE 19801, *Attorney for Defendant Stafford Street Capital, LLC.*

**CONNER, J**

This Order addresses the post-trial issue between Plaintiff Delaware Department of Transportation ("DelDOT") and Defendant PITB, LLC regarding the accrual of interest on the confirmed award of just compensation. Pursuant to 10 *Del. C.* § 6110(a), DelDOT made an initial deposit of $1,483,300 as its estimated just compensation for the property taken in this case. After a four-day trial, commissioners awarded Defendant PITB, LLC with $4,670,000 and Defendant Stafford Street Capital, LLC with $345,000 for their respective interests in the property taken. The parties agree the legal rate of interest in this case is 5.25% per annum. However, the parties disagree whether interest on DelDOT's initial deposit before the final award, totaling $49,907.75, should be credited to DelDOT. This Court finds that Plaintiff DelDOT should be credited for the $49,907.75 of deposit interest.

Section 6113 of Title 10 provides that for condemnation actions, "[i]nterest shall accrue on the award from the date of taking possession or from the date of the award, whichever first occurs." Section 6110 of Title 10 provides that "[i]f the compensation finally awarded to any defendant exceeds the amount paid to the

defendant on distribution of the deposit, the Court shall credit the payment to the final award. . . ." Defendant PITB, LLC reads this provision narrowly to only allow Plaintiff DelDOT to credit the principal amount of the deposit, and not any corresponding interest that the deposit would accrue once it was out of DelDOT's hands. To support this reading, Defendant PITB, LLC cites the Delaware Supreme Court in *Wilmington Housing Authority v. Nos. 401, 403, 405 East Seventh Street*, "[i]n the ordinary case, after making the deposit, the condemnor no longer has any real interest in it."[1] In PITB's view, since the condemnor no longer has any rights to the deposit, the condemnor accordingly has no rights to the interest accrued on that deposit and therefore should not be credited for that interest.

However, the ultimate holding of *Wilmington Housing Authority v. Nos. 401, 403, 405 East Seventh Street* is that ". . . a condemnee was not intended to receive interest on that final award previously paid into Court but not withdrawn by him. . . where the owner makes no effort to withdraw the deposit and shows no reason for not having attempted to do so."[2] The Delaware Supreme Court explains that 10 *Del.C.* § 6110(b) allows the owner to withdraw the deposit without being deprived of any rights of appeal or of proving a greater amount of compensation.[3] Thus, there is ". . . no reason why the condemnor should be penalized simply because the owners

---

[1] 195 A.2d 392, 395 (Del. 1963).
[2] *Id.* at 396.
[3] *Id.*

failed to ask promptly for withdrawal."[4] This holding was expanded in *State ex rel. State Highway Department v. 14.69 Acres of Land, More or Less*, finding that a condemnor should not be penalized for an owner electing to partially withdraw a deposit, and thus an owner is not entitled to interest on funds it chose not to withdraw.[5]

Section 2301 of Title 6 has been construed as only providing for simple interest.[6] Accordingly, receiving interest on unpaid interest, i.e. compound interest, is not permitted under Delaware law.[7] By asking this Court to not credit Plaintiff DelDOT for the interest on the deposit, Defendant PITB LLC is attempting to recover the deposit interest both from the prothonotary and from DelDOT directly. Plaintiff argues that this is interest on interest, attempting to receive the same simple interest two times. Plaintiff is correct that Defendant is only entitled to one amount of simple interest, not double.

Plaintiff has directed this Court's attention to the Pennsylvania Court of Common Pleas case of *In re Buckwalter Condemnation by Manheim Township*

---

[4] *Id.* The Delaware Supreme Court explicitly limited the holding by noting that "[i]f withdrawal should be denied because of some interest of the condemnor,—a situation hard to conceive—we would have a case completely different than exists here." *Id.* However, that does not apply to this case.

[5] 245 A.2d 788 (Del. 1968).

[6] *Weinberger v. UOP, Inc.*, 517 A.2d 653, 657 (Del. Ch. 1986) (citation omitted); *see* 6 *Del. C.* § 2301.

[7] *Rehoboth Marketplace Assocs. v. State ex rel. Sec'y of Dep't of Transp.*, 625 A.2d 279 (Table) (Del. 1993) (citing *Weinberger*, 517 A.2d at 657).

*School District*, which credited the condemnor for the interest accrued on deposit money for multiple reasons.[8] First, it is supported by Nichols on Eminent Domain, which recognizes the deposited money as the condemnee's property even during the pendency of a potentially unsuccessful appeal.[9] Second, the deposit of estimated just compensation qualifies as property subject to the "taking clause" of the Constitution and the earnings on the funds deposited are an incident of ownership of that property.[10] Thus, the interest is subject to the same constitutional rules as the principal.[11] Third, payment to the court amounts to a constructive payment to the owner, and thus income on the deposit belongs to that same owner.[12] Finally, not crediting the condemnor would result in a potential windfall of duplicate payment.[13]

This Court is bound by existing Delaware law to treat the deposit as the property of the condemnee; that a condemnee may not receive interest on funds deposited into the Court that the condemnee chose not to withdraw; and to only award simple interest once. This Court is further persuaded by Pennsylvania's various justifications for why the condemnor should be credited for the interest on

---

[8] *See In re Buckwater Condemnation by Manheim Twp. Sch. Dist.*, 1991 WL 338315 (Pa. Com. Plse. Mar. 25, 1991). The *Buckwalter* condemnor had an interest in the property to be condemned, like the carveout in *Wilmington Housing Authority* (*see supra* n. 4), but the Pennsylvania Court of Common Pleas dismissed this fact when the condemnors did not exercise that right. *Id.* at *2. As that interest is not present here and was dismissed in *Buckwalter*, the analysis is not distinguishable on this point.
[9] *Id.* at *1 (citing Nichols on Eminent Domain, Revised Third Edition, Vol. 3).
[10] *Id.* at *2.
[11] *See id.* at *2.
[12] *Id.* at *3.
[13] *See id.* at *3.

the initial deposit on a condemnation action. Thus, this Court credits DelDOT $49,907.75 for the interest accrued on the money initially deposited.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

oc:     Prothonotary